CHARLES GREEN, Appellant, v. NANNIE M. WRIGHT, Respondent.

**St. Louis Court of Appeals, May 14, 1889.**

1. **Instructions:** REASONABLE CUSTOM. A plaintiff can not complain of the court's refusal to instruct that a custom is uncertain, unreasonable, and in violation of a legal right, when the instructions given at his own instance submit that question to the jury.

2. ———: FACTORS AND BROKERS: COMMISSIONS. It can not be declared, as a matter of law, that a custom whereby real-estate dealers receive commissions on all sales made by them for others, but receive nothing for their services when no sales are made, is unfair, unreasonable, or in violation of any legal right.

3. ———: UNREASONABLE INTERFERENCE WITH AGENT. An instruction, that the changing or the removal by the owner of land of a signboard put upon the land by the agent, is not an unreasonable interference with the latter's efforts to sell the land, is erroneous.

4. ———: CONTRACT MAY BE TERMINATED, WHEN. No time being fixed for the termination of an agency for the sale of realty, the owner may, after the lapse of three years, terminate that agency and place the property in the hands of another agent.

5. ———: COMMISSIONS AFTER TERMINATION OF AGENCY. After such a termination of the agency and the sale of the property of another agent, the former agent is not entitled to commissions on the sale so made.

6. **Practice, Appellate:** EVIDENCE. Objections to the admission or rejection of testimony must be specific, and unless the objection is set out in such a manner that it can readily be seen what the question was, how it arose, and how the objection was taken and the exception saved, it will not be noticed on appeal.

*Appeal from the St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

REVERSED AND REMANDED.

*James Taussig* and *Charles S. Taussig*, for the appellant.

A usage of trade or custom, to be valid, must be certain, uniform, general and reasonable. *Ober v. Carson*, 62 Mo. 209; *Speyer v. Neun*, 7 Mo. App. 256; *Fitzsimmons v. Academy,* 10 Mo. App. 595; *Cordon v. Livingston*, 12 Mo. App. 267; *Hill v. Morris*, 21 Mo. App. 256; *Ins. Co. v. Neuberger*, 74 Mo. 167; *Fitzsimmons v. Academy*, 81 Mo. 37; *Strong v. Railroad*, 15 Mich. 220 (Judge COOLEY's able and exhaustive opinion); Lawson on Customs, sec. 10, pp. 32, 31, p. 62-3; sec. 44, p. 75. What is a sufficient usage to bind the parties, whether a given state of facts establishes a usage, is a question for the court; the reasonableness of an alleged custom or usage is a question of law for the court, and it is error to submit it to the jury. Lawson on Customs & Usages, sec. 60, p. 104 and cases cited; *Bourke v. Kneeland*, 4 Mich. 336; *Mussey v. Bank*, 9 Metc. 596 and 314; *Randall v. Smith*, 63 Me. 109; *Bodfish v. Fox*, 23 Me. 97; *Codman v. Armstrong*, 28 Me. 97; *Packing Co. v. Tilton*, 87 Ill. 554; *Strong v. Railroad*, 15 Mich. 224. The court below erred in instructing the jury, as a matter of law (in the defendant's second instruction given), that the defendant had a right to change the location of the advertising board, or to remove it altogether, and that such change and removal was not undue or improper interference with the plaintiff's efforts to sell the property. The court similarly erred in instructing the jury, as a matter of law (in the

third instruction given for the defendant), "that a withdrawal by the plaintiff of the property after the lapse of three years was not undue and improper interference on the defendant's part." It was for the jury to determine whether the withdrawal of the property, under the circumstances and at the time disclosed in the evidence, was or was not undue interference. The verdict should have been set aside, as being against the evidence. The plaintiff proved that he expended at least fifty dollars for advertising, and that he had the advertising board made and placed on the premises at his expense before the property was withdrawn from him (as testified by the defendant), and he was entitled to recover at least the expenditure, as a minimum *quantum meruit.* *Attrill v. Patterson,* 59 Md. 250; *Simpson v. Lamb,* 84 E. C. L. 603; Story on Agency, sec. 322. To this extent, at least, the plaintiff's right to recover is a rule of law which can not be affected by custom. *Walker v. Osgood,* 98 Mass. 348; *Raisin v. Clark,* 41 Md. 158; 21 Am. Law Review, No. 5, pp. 806–7.

*M. L. Gray* and *Hiram J. Grover,* for the respondent.

It was not error in the court to refuse to declare, as matter of law, the custom, as proved, unreasonable. The instruction as to changing the location of the signboard, or removing it altogether, was proper. In authorizing plaintiff to sell her property defendant lost none of her rights of proprietorship, unless they were limited by the contract. There was no such limitation in the contract. Where an estate agent employed to sell at a given price succeeds in finding a purchaser, but the principal then declines to sell, the agent is entitled to sue for a reasonable remuneration for his services, and the amount of his commission on the price would seem to be the sum to which he is justly entitled. But if the authority is revoked before it is executed, and

before a purchaser has been found, it does not follow that he is entitled to sue upon an implied contract for remuneration for his work and labor in endeavoring to find a purchaser. 1 Allison Contract [ Edson's Am. Ed.] side p. 473, p. 681. This rule is consistent with the decisions of our supreme court in *Tyler v. Parr*, 52 Mo. 249, and *Timberman v. Craddock*, 70 Mo. 638. The right of the agent to be reimbursed upon the revocation of his authority depends upon the contract by which his services were retained,. and the custom and usage of the trade in which he is engaged. When an agent is employed to sell or let, on the terms that he is to be paid a certain percentage on the price or rent, the general understanding is that he takes his chance of a large remuneration, in case he finds a purchaser or tenant, but gets nothing if he fails in so doing. But if trouble and expense have been properly incurred by the agent in endeavoring to carry into effect the instructions of the principal, and the latter revokes the authority, and prevents the agent from reaping the expected reward, the principal is bound to remunerate him for his trouble and expense in the matter. 1 Allison Cont., side p. 473, p. 680. After a broker has been allowed a reasonable time in which to procure a buyer, and effect a sale, and has failed to do so, and the seller in good faith, and fairly, has terminated the agency and himself consummated a sale, the broker is not entitled to a commission on the sale, provided the efforts of the broker to make a sale prior to the revocation were not rendered a failure by the fault of the owner of the property. *Gaty v. Foster*, 18 Mo. App. 643.

THOMPSON, J., delivered the opinion of the court

This is an action by a real-estate broker to recover the reasonable value of services alleged to have been rendered by him and expenses incurred in endeavoring to effect a sale of certain real estate belonging to the defendant. The petition predicates a right of recovery

upon the allegation that, after employing the plaintiff to effect a sale of the property, the defendant unduly and improperly interfered with his exertions ·in that behalf, so as to prevent him from effecting a sale. The answer admits the employment of the plaintiff by the defendant to effect a sale of the property described in the petition, but alleges that the terms of the employment were in conformity with the customary terms prevailing generally in St. Louis, and well known to the plaintiff, that if he effected a sale of the property at the price designated by the defendant, while the property remained in his hands for sale, he would earn and be entitled to a reasonable commission, and that, if he did not effect a sale, he would be entitled to no compensation for any attempt to sell,—with the right in the defendant to withdraw the property from his hands at any time before sale made or purchaser found. A reply put in issue the allegation of this custom. There were other averments in the petition and answer which it is not necessary to state, because the case did not turn upon them. The issues which were contested at the trial and submitted to the jury may be reduced to the three following: (1) Whether there was such a custom in the city of St. Louis as that pleaded in the answer. (2) Whether the defendant unreasonably interfered with the efforts of the plaintiff to sell the property while it remained in his hands for sale. (3) Whether the property was withdrawn from his hands before he had had a reasonable time within which to accomplish a sale of it upon the terms prescribed to him.

The court submitted these issues to a jury upon instructions which will be hereafter spoken of, and the jury returned a verdict for the defendant. The plain· tiff, appealing to this court, makes the following assignments of error:

(1) That the court erred in not declaring as matter of law that the custom invoked by the defendant was

unreasonable, uncertain and in violation of legal right
and not a part of the contract between the plaintiff and
the defendant, and should have given some one or
other of the instructions tendered by the plaintiff in
which this principle was asserted. It is a sufficient
answer to this assignment of error that the court sub-
mitted the question of the reasonableness of this custom
to the jury upon an instruction drawn and tendered by
the plaintiff. The mere fact that the plaintiff tendered
other instructions, in which it was declared as matter of
law that this was a bad custom, does not put the court
in the wrong in giving the instruction submitting the
question to the jury; for if a party submits to the court
contradictory or inconsistent instructions, he can not put
the court in the wrong for giving the one or the other,
and this without reference to whether the court gives
the one which is really correct, or the one which is
erroneous. The reason is that a party can not complain
of errors which he has induced the court to commit.
*Musser v. Adler*, 86 Mo. 445.

Aside from this, we know of no principle upon
which the custom as pleaded and shown by the defend-
ant's witnesses could have been declared unreasonable
as matter of law. On the contrary, it seems entirely
reasonable that men engaged in such an employment
should be willing to undertake to effect sales of property
on the condition of receiving a considerable commission
upon the proceeds of the sale in the event of success,
and of receiving nothing in the event of failure. And it
can easily be understood that such a custom might be
enforced upon real-estate brokers by the unwillingness
of property-owners to put their property in their hands
for sale on condition of being obliged to pay them for
imaginary services in the event of a want of success.

(2) It is next assigned for error that the court
gave the following instruction at the request of the
defendant:

" If the jury find from the evidence that in the contract of agency between plaintiff and defendant, there was no specified length of time for the duration of such agency, and find further that said Green had not found a purchaser for said property, at the price of thirty thousand dollars, after a lapse of three years, and find that his failure to do so was not attributable to undue or improper interference by defendant with plaintiff's efforts in that regard, then defendant had a right to withdraw said property from the hands of said Green, and place it in the hands of other agents for sale at a less price; and if they find that defendant did so withdraw said property and place it in the hands of other agents, and such other agents procured a purchaser for said property at a less price which was accepted by defendant, then such withdrawal and subsequent sale by defendant was not undue or improper interference on defendant's part with plaintiff's efforts, and if you so find, plaintiff can not recover in this action the value of any services or efforts made by him to sell such property at the price of thirty thousand dollars."

It is to be observed that, according to the allegations of the petition, the property was not withdrawn from the plaintiff's hands until the lapse of about five years from the commencement of his employment; but, according to the defendant's evidence, it was withdrawn from his hands after the lapse of about three years. If this instruction is faulty, it is so because it asserts, as a conclusion of law, that if no duration was fixed to the employment, the defendant had a right to terminate it after the lapse of three years. We are of opinion that this instruction was not erroneous. What is a reasonable time for performing a contract will ordinarily be a question for the jury, because it is ordinarily a practical question, upon which the opinion of twelve practical men in the jury box is presumptively of greater value than that of a legal scholar upon the bench. 2

Green v. Wright.

Thomp. Tr., sec. 1533, and cases cited. But undoubtedly there are cases where it may be ruled as a question of law (*Hill v. Hobart*, 16 Me. 169); and we have said that the time within which a given thing is to be done may be so long or so short that the court may declare it unreasonable as matter of law. *Johnson v. Ag'l Co.*, 20 Mo. App. 100, 102. We apprehend that a jury ought not to be allowed to say that the period of three years, where the duration of such an employment is not fixed by contract, is not a reasonable time to allow a real-estate broker to experiment with an attempt to procure a sale of property on prescribed terms which he has accepted. After the lapse of such a time the right of the plaintiff to withdraw the property from his hands in the event of his failure to succeed would seem to be so clear that the question ought not to be submitted to the uncertain conceptions of a jury.

(3) An attempt has been made to assign for error the rulings of the court on several items of evidence. These rulings are not stated in the printed statement and brief in such a manner that we can take notice of them. They merely refer us to certain rulings made on a number of pages of the record, stating in a round way the subject-matter of the rulings. We have lately had occasion to say that it is the duty of counsel, in assigning errors, to set out the rulings which the court made in such a manner that we can see what the question was, how it arose, and how the objection was taken and the exception saved. Counsel can not send us on a search through the record for supposed errors.

(4) Error is assigned on the giving of the following instructions at the request of the defendant:

"The jury are instructed that if they find from the evidence that it was no part of the original contract between plaintiff and defendant that a sign or advertising board should be placed on the premises, and that

such board was placed there afterwards at defendant's request and suggestion, then defendant had a right to change the location of said board on the premises, or to remove it altogether, and such a change or removal was not undue or improper interference with plaintiff's efforts to sell said property, or to procure a purchaser therefor."

We are of opinion that the giving of this instruction was error prejudicial to the plaintiff. There was evidence tending to prove the hypothesis of fact therein stated. We do not understand how the court could declare, as matter of law, that the changing or removing of the signboard by the defendant was not an unreasonable interference on her part with the efforts of the plaintiff to effect a sale of the property. On the contrary, it seems clear that it was for the jury to say, in view of all the circumstances in evidence, and especially in view of the inconsistent excuses given by the defendant in her testimony for interfering with the sign as the plaintiff had placed it, whether in doing so she had been guilty of an unreasonable interference with his efforts to carry out the agency which he had assumed.

For the giving of this instruction the judgment will be reversed and the cause remanded. All the judges concur.