## Pacific Mutual Insurance Company of California v. Mary Shaffer.

Decided November 5, 1902.

**1.—Life Insurance—Parol Contract.**

A parol contract of life insurance is valid; and such contract is sustained in this case, although a written policy, improperly dated ahead by the agent, was issued and mailed to the insured and was in his possession at the time of his death, which was prior to the date so written in the policy.

**2.—Same—Pleading—Consideration.**

A petition on a parol contract of insurance was not subject to exceptions urged on the ground that it showed that the contract was without consideration, and had not taken effect before insured's death, where it alleged that the insured should pay defendant out of his monthly wages a certain sum in monthly installments, beginning at a designated time, and that it was agreed at the time insured delivered his application to the agent, that the insurance should be binding on the next day, which was several days before the insured's death.

**3.—Same—Parol Evidence—Written Contract Excluded.**

Where plaintiff's action was on a parol contract of insurance, and she denied that the insured had accepted the written policy subsequently issued on his application, parol evidence to prove the terms of the contract alleged was not objectionable as contradicting or varying the terms of the written contract.

**4.—Same—Date of Application Omitted.**

Where the application for insurance was not dated when delivered to the agent, parol evidence that the agent, without authority, subsequently inserted a date other than that agreed on, was not objectionable as varying the terms of a written contract.

Appeal from the District Court of El Paso County. Tried below before Hon. J. M. Goggin.

*Beall & Kemp,* for appellant.

*Patterson & Buckler,* for appellee.

JAMES, CHIEF JUSTICE.—This is a suit by appellee in separate counts alleging an oral and a written contract of insurance upon the life of her husband, in her favor, for $1000. The answer was a general denial, —that there was no consideration, that the policy had not taken effect at or before the death of the husband; also that any contract of insurance that may have been made between decedent and appellant was evidenced by a written application and the written policy, which application was made about October 7, 1900, but was dated October 21, 1900, and that it was the intention and understanding that the policy should not take effect until the latter date, and that the first premium should be paid out of the November, 1900, wages of decedent as an employe of the Galveston, Harrisburg & San Antonio Railway Company; that upon this written application defendant, about October 9, 1900, issued to decedent its written policy, to take effect according to its terms on October 21, 1900, and that said written application and written policy comprised the entire contract between them, and further set up certain stipulations in the written policy prohibiting agents from making any changes or waiving any of the provisions of the said policy. There was judgment upon a verdict for plaintiff for $984.40, with interest.

The court correctly overruled the exception, which was that the petition showed that the policy or contract sued on was without consideration, and also that it had not taken effect at or before Shaffer's death. The allegations of the count based upon the oral contract state that it was upon consideration that Shaffer should pay to the defendant out of his monthly wages the sum of $62.40 in monthly installments of $15.60, beginning with the month of November, 1900; also that the agreement was at the time he delivered his application to the agent of defendant (October 7, 1900) that the insurance should be binding on October 8, 1900, and that defendant was bound from said date.

The second assignment of error is that it was error to admit testimony of contemporaneous or anterior parol agreements, contradicting or varying the terms of the written contract. The proposition assumes that the written one was the contract, and merged all previous negotiations. Plaintiff on the trial relied and recovered on the oral contract. There was evidence substantially as follows:

"H. L. Prosper testified he and deceased presented applications at the same time to Hays, defendant's agent at El Paso, for insurance, and he was present when deceased presented his. This was on Sunday, October 7, 1900. There was some talk about whether it was legal to date the applications on that day, and it was agreed that the date should be in-

serted the following morning. Shaffer signed his application on Sunday, but it was not dated at that time because it was agreed that it was to be dated the next day. Hays retained the applications. The agreement between Hays and Shaffer was that Shaffer's insurance was to take effect at noon on Monday, the 8th, 1900. Prosper's application policy when issued bore date October 8, 1900. Hays testified he had full power to insure applicant and issue a policy to him. Farrell, a witness, testified that he was present Sunday afternoon when Prosper and Shaffer made their applications to Hays for policies; that the first talk he noticed was the objection to dating the applications on Sunday. Shaffer or Prosper suggested to Hays to make the date out for 12 o'clock Saturday. Hays claimed that he could not make it out on Saturday, but would make it out for Monday, the following day at 12 o'clock noon; that he heard Shaffer say that he was going to leave town that night to go out on the road and would like to have his policy go into effect right away so that he would be protected, and Hays said he could not make it out that day, and would have to let it go until Monday, when he would date the application, and understood Hays to tell Shaffer that his policy would go into effect next day, Monday, at noon.

"Shaffer's application bore date October 21st, also the policy. Hays prepared these policies on the 9th of October at San Antonio, and mailed them the same day to El Paso. Plaintiff testified that her husband received the policy on October 13, 1900, four days before his death; that the postman delivered it to her and she gave it to her husband; that after his death she found it among her husband's papers. Plaintiff offered also to prove facts showing that Shaffer had refused to accept the written policy upon the ground that it was dated October 21st, instead of October 8th, to which the defendant objected. The plaintiff insisted upon the introduction of the testimony in order to show that the policy had never been accepted by the deceased, upon which the court ruled that the testimony offered should be admitted, if the defendant intended to rely upon and attempt to prove that the policy had been accepted by the assured. Thereupon counsel for the defendant stated that such was not their purpose and that defendant did not contend that the policy had been accepted by John F. Shaffer, and the testimony was for that reason excluded." The quoted matter is taken from the statement of facts.

It is clear, after what occurred which has just been stated, that the written policy, as evidencing the contract, was out of the case, and so far as it was concerned there was no written contract to which could be applied the rule invoked in this assignment of error. The contract of insurance, if any, would subsist in the preceding negotiations, including the application. This application, according to testimony, adduced by plaintiff, was not dated when delivered to the agent. If such was the fact, it could be shown without involving any contradiction or reformation of the terms of that instrument. The subsequent unauthorized insertion of a date by the agent could be shown without violating the

rule of evidence invoked. These remarks seem to us to virtually dispose of the third, fourth, fifth, sixth, and seventh assignments.

It remains to be considered whether or not a contract of insurance can be effected by parol. The question is well settled in the affirmative. Insurance Co. v. Knessner, 45 N. E. Rep., 540; Cohen v. Insurance Co., 67 Texas, 328; Insurance Co. v. Ireland, 58 Pac. Rep., 1024, in which the question is so fully discussed with authorities that it is unnecessary for us to say more on the subject.

The agent in this instance had ample authority to represent the company in effecting the insurance including the issuance of the policy. He had to refer nothing to the company, and was practically the company itself in dealing with its insurance. A consideration was proved. Hays, the agent, testified in substance that the agreement was that Shaffer was to pay out of his November wages $15.60, out of his December wages $15.60, out of his January wages $15.60, and out of his February wages $15.60, making $62.40, total premium. The application also evidences this.

We recognize that if the policy had been accepted by the deceased he would have been bound by it in the terms in which it was written; but he did not accept it, and appellant disclaimed any such contention at the trial. It seems to us the case stands as if the policy had not reached Shaffer at all, and had he died before he received it, his insurance would be sustained, upon the agreements entered into, independent of any policy. Under the evidence a contract of insurance was complete without the issuance of a policy.

*Affirmed.*

Writ of error refused.