JOSEPH F. DICKMANN, Respondent, v. ELIZA TRESELER, Appellant.

St. Louis Court of Appeals, June 24, 1913.

1. **REAL ESTATE BROKERS: Duration of Contract: Revocation.** A contract employing a broker to sell real estate for a commission, which stipulates that it can be terminated on ninety days' notice, but does not fix any time limit for its continuance, remains in force for a reasonable time only, and, after the expiration of that time, the owner may, in good faith, revoke the agency and sell to a customer first discovered by the broker, without becoming liable for a commission.

2. ———: ———: ———. Three years being a reasonable time to allow a real estate broker to seek a purchaser for real estate, the revocation, after the lapse of that period of time, of a contract containing no time limit, which authorized him to sell the

real estate, would be reasonable as a matter of law, and a sale by the owner would ipso facto operate as a revocation of such authority; and hence the broker would not, under such circumstances, be entitled to a commission on a sale made to a purchaser who was not procured by him.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman*, Judge.

REVERSED AND REMANDED (*with directions*).

*H. W. Femmer* for appellant.

(1) An unilateral contract is not enforceable. Schoenmann v. Whitt, 136 Wis. 332; Stensgaard v. Smith, 43 Minn. 11; Santaella & Co. v. Lange Co., 155 Fed. 719; Transportation Co. v. Bolt & Nut Co., 114 Fed. 77. (2) There was a total failure to prove the issues on the part of the respondent, and the court committed error when he sustained the motion for a new trial, for any of the causes therein set forth. Homuth v. Street Railway, 129 Mo. 629.

ALLEN, J.—On April 20, 1906, defendant appointed plaintiff, a real estate broker, as her agent to sell certain real property belonging to her, situated in the city of St. Louis. Said appointment was made by an instrument of writing, signed by defendant, which, after describing the property and stating the price at which the same was to be sold, to-wit, $7500, proceeded as follows:

"Joseph F. Dickmann Real Estate Co. I hereby appoint you my sole agent to sell this property for me on above terms and I will pay you a commission of 2½% on the amount sold for.

"This can be altered or terminated on ninety days' notice in writing.

"Date, April 20, 1906.

"ELIZA TRESELER, Owner."

The plaintiff made no sale of the property, and on March 10, 1909, defendant, without having notified plaintiff of the termination of the agency, sold the same for the price of $7250, to a purchaser in no way procured by plaintiff. Plaintiff sues for $187.50, being 2½% of the price at which he was authorized to sell the property.

The suit originated before a justice of the peace, where plaintiff had judgment. The defendant duly appealed to the circuit court, where the cause was tried before the court without a jury upon the evidence adduced by plaintiff, defendant offering none.

The court refused to give a peremptory instruction in the nature of a demurrer to the evidence offered by defendant at the close of plaintiff's case, but after taking the case under advisement, the court rendered judgment in favor of defendant. In due time the plaintiff filed a motion for a new trial, which motion was by the court sustained and a new trial granted plaintiff, from which order, granting a new trial, defendant has appealed to this court.

Upon the undisputed facts in evidence, the action of the learned trial judge, in the first instance, in rendering judgment for defendant was manifestly correct. Plaintiff does not claim to have procured a purchaser for the property, nor to have had anything to do with the sale made thereof by plaintiff. His claim proceeds solely upon the theory that plaintiff could not rightfully revoke the agency without notice. This position is not tenable. Though the instrument provided for notice of the termination of the agency, there was no time limit to the contract. In such cases the law implies that the contract is to remain in force for a reasonable time only; and after the expiration of that time the owner may, in good faith, revoke the agency and sell, even to a party first discovered by the agent. [Turner v. Snyder, 132 Mo. App. 320, 111 S.

W. 858; LaForce v. Washington University, 106 Mo. App. 517, 81 S. W. 209.]

A period of approximately three years is a reasonable time to allow a real estate broker to seek a purchaser, and the revocation of his authority after that time is reasonable as a matter of law. [Green v. Wright, 36 Mo. App. 298.] And a sale by the owner operates to revoke the authority of the broker. [Wallace v. Figone, 107 Mo. App. 362, 81 S. W. 492, and authorities cited.]

It follows that the learned trial judge erred in sustaining the motion for a new trial.

The judgment is reversed and the cause remanded with instructions to the circuit court to reinstate the motion for a new trial, overrule it, and enter judgment for defendant. *Reynolds, P. J.,* and *Nortoni, J.,* concur.