## MERCANTILE TRUST COMPANY, Respondent, v. KATE I. JOHNSON, Appellant.

**St. Louis Court of Appeals, November 4, 1913.**

1. **CONTRACTS: Construction.** A contract is to be construed from a consideration of all of its provisions.

2. **REAL ESTATE BROKERS: Right to Commission: Contract Construed.** A contract appointing a real estate broker exclusive agent to sell real estate provided that, in consideration of the broker's efforts to sell the property, the owner, upon making a sale or exchange thereof, would pay the broker a specified amount as commission, and that if no sale was made, he was to be at no expense whatever. *Held,* that notwithstanding the broker was not authorized to offer the property for exchange, he was entitled to the stipulated amount, upon an exchange of the real estate being made by the owner while the contract was in force; the provision that the owner should not be liable if no sale was made referring only to liability for advertising or other expense incurred in attempting to effect the sale.

3. ———: **Duration of Contract.** Where a contract authorizing a real estate broker to sell real estate does not make provision for the time the agency is to continue, it continues in force for a reasonable time only.

4. ———: **Right to Commission: Revocation of Authority.** A contract appointing a real estate broker exclusive agent to sell real estate, and specifying no definite time during which the agency was to continue, provided that it might be terminated at any time on thirty days' notice in writing. The agent spent time and money endeavoring to sell the property, and about four months after the contract was made, the owner notified the agent in writing that he had canceled the contract. *Held,* that the contract could not be terminated without giving the required thirty days' notice, at least until after the expiration

of a reasonable time for securing a purchaser by the broker, and a reasonable time had not elapsed, and hence the broker was entitled to a commission, in accordance with the provisions of the contract, on an exchange of the property, made by the owner within thirty days after such notice of revocation was served.

5. ———: ———: **Measure of Damages.** Where a contract appointing a real estate broker exclusive agent to sell real estate provided that, in consideration of the broker's efforts to sell the property, the owner, upon making any sale or exchange thereof, would pay the broker a specified amount as commission, the broker was entitled, upon the owner making an exchange of the property, to receive the stipulated amount, and was not confined to the actual damages he may have sustained, as for a breach of contract, in undertaking to perform the contract.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*Barclay, Fauntleroy, Cullen & Orthwein* for appellant.

(1) The power to sell does not authorize the agent to exchange. Thoyer v. Street, 22 U. C. Q. B. 352; Chapman v. Hughes, 134 Cal. 641; Hampton v. Moorhead, 62 Iowa 91; Morrill v. Cone, 22 How. (U. S.) 75; McMichael v. Wilkie, 18 Ont. App. 464. (2) Where a broker is given the exclusive agency to sell, but not inhibiting the principal from exchanging, the contract is not violated by an exchange by the principal to one not a customer of the broker. Waterman v. Botlinghouse, 82 Cal. 659; Clark v. Ashbury, 134 S. W. 287; Dole v. Sherwood, 41 Minn. 535; Golden Gate Packing Co. v. Mine, 55 Cal. 606; Turner v. Baker (Pa.), 74 Atl. 173; Machine Co. v. Wright, 130 S. W. 729; Ingold v. Symonds, 125 Iowa 82; Johnson v. Buchanan, 116 S. W. 875; Gregory v. Bonney, 67 Pac. 1038; Wylie v. Marine Nat. Bk., 61 N. Y. 415; Fairchild v. Rogers, 32 Minn. 269; Parkhurst v. Tyron, 119

N. Y. S. 184; English v. Wm. George Bitt Co., 117 S. W. 996. (3) If a sale of land by the owner effects a breach of the contract with the agent, an action by the latter should be based on such breach, and not on a performance of the contract. Metzer v. Wyatt, 41 Ill. App. 487; Alderson v. Houston, 96 P. 884; Worthington v. McGarry, 149 Ala. 251. (4) Where the contract employing a broker to procure a purchaser stipulates that commissions should be paid only when a sale is effected, the broker is not entitled to commissions unless a sale is effected, though he may be entitled to damages for the wrongful act of the owner in preventing a sale. McDermott v. Mahoney, 139 Iowa, 292; Boddy v. Brummett & Ellis, 110 S. W. 532. (5) In action for damages for revocation of authority to sell land, nothing more than nominal damages can be recovered, where the agent fails to show that he could have made a sale on the principal's terms. Mulligan v. Owen, 123 Iowa, 285, 98 N. W. 792; Thompson v. Goldman, 41 Pa. Sup. Ct. 209.

*Karl M. Vetsburg* for respondent.

(1) Under the contract in this case the plaintiff is entitled to its commission on an exchange of the property made by the owner without the aid of the agent. Mercantile Trust Company v. Lamar, 148 Mo. App. 353; Duncan v. Turner, 154 S. W. 816. (2) A contract must be construed as a whole, and in such a way as to give effect to all of its words and parts. Duncan v. Turner, 154 S. W. 816; Interurban v. Hayes, 191 Mo. 248; Walker v. Grout, 124 Mo. App. 628; Bent v. Alexander, 15 Mo. App. 181; Haarstick v. Shields, 11 Mo. App. 602; Royle v. F. & C. Co., 126 Mo. App. 104; 9 Cyc. 579. (3) The notice given by defendant to plaintiff terminated plaintiff's agency on December 8, 1910. Green v. Wilson, 21 N. J. Eq., 220; Carpentier v. Thurston, 30 Cal. 123; 29 Cyc. 1124; McCray v. Pfost, 118 Mo. App. 672; 26 Cyc. 982. (4) A

document susceptible of two constructions, one of which will make it illegal and the other legal, must be so construed as to make it legal. State ex rel. v. City of Neosho, 203 Mo. 40; Foard v. Sandifer, 151 S. W. 523; Wiggin v. Railroad, 128 Mo. 224; 9 Cyc. 586. (5) There is no presumption that a party intends to violate the law or his contract, but that he intends to obey it. Foard v. Sandifer, 151 S. W. 523; State ex rel. v. Bank, 120 Mo. 161; Gauss v. Orr, 46 Ark. 129; Klein v. Laudman, 29 Mo. 261.

ALLEN, J.—This is an action by plaintiff to recover a broker's commission on the exchange of defendant's real estate for other real property, under and by virtue of a written agreement executed by defendant appointing plaintiff as her agent. The suit was instituted before a justice of the peace, where the defendant had judgment. Thereupon the plaintiff perfected an appeal to the circuit court of the city of St. Louis, where the cause was tried before the court and a jury, resulting in a verdict for plaintiff in the sum of $137.50, and the defendant appeals.

The property was placed in plaintiff's hands on June 30, 1910. The pertinent provisions of the instrument whereby the defendant appointed the plaintiff as her agent are as follows:

"I hereby appoint the Mercantile Trust Company my exclusive agent to sell the following described real estate, situated in the city of St. Louis, Missouri, on the terms and conditions hereinafter named; this agency to continue until revoked by me on thirty days' notice in writing.

.    .    .    .    .    .    .    .

"Price $5500.

"In consideration of the Mercantile Trust Company advertising the above property and their efforts to sell the same, if a sale or exchange of said property is made while in charge of said company, I agree to

pay for their services, a commission of two and one-half per cent on above price or such other price, terms and conditions as I may accept." . . .

"I reserve the right to terminate this agency at any time on thirty days' notice in writing. It is further agreed that, if no sale is made, I am to be at no expense whatever."

The evidence reveals that at once, upon the execution of the above contract, the plaintiff began to advertise for sale the property in question, in various daily newspapers of the city of St. Louis, and continued so to do until November 6, 1910, and also listed it in a catalogue issued by plaintiff for the year 1910, and made other efforts through a salesman to sell the same.

On November 9, 1910, the plaintiff received a notice from the defendant, dated as of the previous day, worded as follows:

"This is a notice to you to cancel any contract I may have with you to dispose of my property at 5920 Minerva Avenue."

To this notice plaintiff replied by letter, acknowledging the receipt thereof and stating to the defendant that, under the contract above set out, the notice would become effective thirty days from the date of its receipt by plaintiff.

The evidence further reveals that, on November 19, 1910, the defendant entered into a written contract with one Laura L. Wipfler for the exchange of defendant's said residence for certain other property in the city of St. Louis; and that on November 15, 1910, defendant and her husband executed a warranty deed conveying said property to the said Laura L. Wipfler.

For a reversal of the judgment below defendant urges that the contract between the parties did not authorize the agent to *exchange* defendant's property for other property, but only to *sell* the same; and that where a broker is given an exclusive agency to *sell*,

but the principal not inhibited from exchanging, the contract is not violated by an exchange by the principal to one not a customer·of the broker.

The authority given the plaintiff in the premises, and the restrictions placed upon the defendant with respect to the disposal of her property without liability to plaintiff, must be gathered from the four corners of the written instrument under which the defendant placed the property in plaintiff's hands. From the first paragraph of the contract quoted above it would appear that the plaintiff was appointed defendant's exclusive agent to *sell* the real estate in question. However, in the succeeding paragraph the defendant agrees, in consideration of plaintiff's advertising the property and making efforts to sell the same, that if a sale *or exchange* of the property is made while in charge of plaintiff, defendant will pay a commission of two and one-half per cent on the agreed sale price, or such other price, etc., as defendant may accept. Further on in the contract it is provided that "if no sale is made" plaintiff is to be at no expense.

As said by NORTONI, J., in Duncan v. Turner, 171 Mo. App. 661, 154 S. W. 816: "The polar star for the construction of instruments is that the intention of the party executing the document shall not be gathered from a remote or one apparent pertinent provision thereof alone, but, on the contrary, is to be gleaned from all that appears within the four corners of the instrument. [See Gibson v. Bogy, 28 Mo. 478; Williamson v. Brown, 195 Mo. 313, 337, 93 S. W. 791.]"

While it is true that the clause appointing plaintiff defendant's agent in terms constitutes plaintiff the exclusive agent of defendant only to *sell* the property, nevertheless the subsequent provisions of the contract are such as to make it appear that the defendant, for the consideration mentioned, obligated herself to pay the agreed commission in case any sale or ex-

change of the property were made while the same was in the plaintiff's charge. The subsequent provision that "if no sale is made" plaintiff is to be at no expense, must, when construed with the rest of the contract, be held to mean that defendant was not to be held liable as for advertising or other expense incurred by plaintiff in offering the property, and not to limit the force and effect of the previous provision respecting her liability in case a sale or exchange of the property were made while in plaintiff's hands.

Considering the contract as a whole it would therefore appear that, while plaintiff was authorized only to offer the property for sale, the defendant contracted to pay plaintiff the agreed commission in case the property were either sold or exchanged while the same was in defendant's hands; the plaintiff to advertise and offer the property at its own expense, and its agency to be terminated only upon thirty days' notice in writing. This was in consideration that plaintiff would advertise and make efforts to sell the property at the stipulated price; and it is undisputed that plaintiff did so advertise the same from time to time, and did make efforts to dispose of it.

It cannot be doubted that the contract between the parties was still in force at the time defendant exchanged her property, for by its terms she could not rightfully terminate the agency without giving the required thirty days' notice, at least until after the expiration of a reasonable time to allow plaintiff to secure a purchaser. The contract itself does not provide a definite time during which the agency is to continue, which would mean that it is to continue for a reasonable time. It cannot be said, however, that here the contract had expired because of the lapse of more than a reasonable time within which to find a purchaser, as was held in Dickmann v. Treseler, 175 Mo. App. 601, 158 S. W. 76, and cases there cited. In the case before us, but a few months had elapsed, and it

appears that the plaintiff was continuing its efforts to dispose of the property when defendant attempted to cancel the contract, regardless of the provision respecting notice. This the defendant could not do and escape liability to plaintiff on her contract. After plaintiff had entered upon the performance of the contract on its part and had caused time and expense to be devoted thereto, defendant could rightfully discharge plaintiff as her agent only in the manner provided in the contract, within the period during which the law would regard such a contract as remaining in force.

In Mercantile Trust Company v. Lamar, 148 Mo. App. 353, 128 S. W. 20, this court had before it the very same form of contract. That case differs from the one before us in that the owner made a sale of the property, not an exchange thereof. It was held that the plaintiff was entitled to recover in the event that the sale by the owner was made during the continuance of the agency; and in that connection this court through Goode, J., said:

"The quoted clause of the contract said in so many words if a sale or exchange of the property was made while in the charge of the company, defendant agreed to pay a commission on the price, and this clause is incompatible with the theory that defendant reserved the right to sell himself during plaintiff's agency without paying a commission. [Chapin v. Bridges, 116 Mass. 105; Cooke v. Blake, 98 Mich. 105; Metchalfe v. Kent, 104 Ia. 487.]"

The clause in question in the contract is equally incompatible with the theory that the defendant here reserved to herself the right to exchange the property during plaintiff's agency without becoming liable to pay a commission. Such is the plain language of the contract; indeed, any other construction would render the words "or exchanged" utterly meaningless and thus altogether construe them out of the contract.

Learned counsel for appellant, however, insist that though appellant did not have the legal right to exchange her property when she did, without incurring liability to plaintiff, nevertheless her action in this regard amounted merely to a breach of her contract with plaintiff, rendering her liable only for such actual damages as plaintiff may have suffered in the premises; in other words, that plaintiff cannot recover the agreed commissions as though it had effected a sale, but only such expenses and loss as it may have incurred in undertaking to perform the contract on its part.

This position we regard as untenable, under the record before us, for the reason that by the clause of the contract to which we have just referred, defendant, in consideration of plaintiff's advertising the property and endeavoring to sell it, agreed to pay, for plaintiff's said services, two and one-half per cent upon the stipulated price if a sale or exchange of the property were made while in charge of the defendant. This was defendant's agreement in the premises; there is nothing illegal or fraudulent about it, and we perceive no theory on which she can defeat plaintiff's right to recover the amount thus agreed to be paid.

Other points made are disposed of by what we have said above. A careful examination of the record convinces us that the judgment is for the right party and that it should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.