GEORGE J. WANSTRATH REAL ESTATE COMPANY, Respondent, v. JOHN F. WENZ et al., Appellants.

St. Louis Court of Appeals, November 3, 1914.

1. **JUSTICES' COURTS: Pleading: Requisites of Statement.** A statement of a cause of action which is sufficient· to apprise the defendant of the nature of the claim against him and to operate as a bar to another action upon the same demand, is sufficient.

2. **REAL ESTATE BROKERS: Duration of Contract.** Where a contract giving a real estate broker an exclusive agency to sell real estate does not make provision for the time the agency

is to continue, it continues in force for a reasonable time only.

3. **CONTRACTS: Duration: Question for Jury.** What is a reasonable time for the performance of a contract is ordinarily a question for the jury.

4. **REAL ESTATE BROKERS: Right to Commission: Duration of Contract: Revocation.** A contract, made on December 14, appointed a real estate broker exclusive agent to sell certain real estate, and stipulated that if the owner, or any one else, made a sale, the broker would be entitled to a certain commission, but did not provide for the time the agency was to continue. In the month of May following, the owner undertook to revoke the broker's authority, and the owner himself sold the property in the month of September following. In an action by the broker for the commission, *held* that, in view of the fact that the contract did not make provision for the time the agency was to continue, it continued in force for a reasonable time, and that the broker was entitled to a commission, if the sale was made within such time, notwithstanding the owner had attempted to revoke his authority. *Held, further,* that the court could not declare, as a matter of law, that a reasonable time had not elapsed before the sale was made, and that question was, therefore, for the jury to determine.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

REVERSED AND REMANDED.

*H. A. Yonge* for appellants.

(1)   A petition in a civil action must set forth facts sufficient to constitute a cause of action to sustain a verdict and judgment.  Sec. 1794, R. S. 1909. The petition in this case is brought upon a paragraph of the contract of agency, constituting plaintiff their sole agents to sell said house and lot—the authority given is indefinite and uncertain as to the length of time the authority shall continue.  There is no allegation in the petition that the authority was in force at the time the property was sold, or that the plaintiff had an interest in the property, the subject-matter of the agency, independent of the money to be received in

the event of the sale. Such an agency is revocable at the will of the principal. Am. & Eng. Ency. of Law (2 Ed.) p. 1223; State ex rel. Walker v. Walker, 88 Mo. 283. (2) The trial court erred in sustaining plaintiff's objection to evidence offered by defendants that plaintiff's authority was revoked before the house and lot was sold by defendants. The only exception to the general rule of the right of the principal to revoke the authority of the agent, is where the power is given as part of a security, or for a valuable consideration for an interest in the subject-matter of the agency, or where the power is coupled with an interest, and the power must be grafted on the interest in the property on which the power is to be exercised, and not an interest in the money to be received by the exercise of the power. State ex rel. Walker v. Walker, 88 Mo. 283; Burk v. Priest, 50 Mo. App. 310; Wallace v. Pigon, 107 Mo. 362; Glover v. Henderson, 120 Mo. 367; Lowenig Co. v. Hesperian Coal Co., 176 Mo. 330.

*Carl Otto* for respondent.

The contract was based on a consideration and was not revocable. The contract gives a lien against the property for the amount of the commission and is therefore not subject to revocation, the agent having an interest in the *res*. Shepard v. McNail, 122 Mo. App. 418; McCray & Son, v. Pfost, 118 Mo. App. 672.

ALLEN, J.—This is an action to recover a broker's commission upon the sale price of certain real estate in the city of St. Louis, in accordance with the terms of a written contract entered into between the plaintiff corporation and the defendant owners of said property. The cause was instituted before a justice of the peace, where plaintiff had judgment. Upon defendants' appeal to the circuit court, and a trial *de novo* there, before the court and a jury, the court per-

emptorily directed a verdict for plaintiff.     From a judgment entered upon the verdict so returned, the defendants have appealed to this court.

The written contract in question was of date December 14, 1910, and provided that plaintiff would make two building loans to defendants upon certain lots of ground, for the purpose of erecting certain improvements thereupon; defendants to pay a commission for plaintiff's said services in securing such loans. The contract also appointed plaintiff the sole agent of defendants to sell the lots and improvements when the building had been completed, and provided that plaintiff should receive a commission of two and one-half per cent on the sale price, and that should the sale be made by defendants, or any one else, the plaintiff would nevertheless be entitled to the aforesaid commission.

The said loans were made and the improvements erected, but it does not appear when the latter were completed. On May 23, 1911, the defendants, by a letter written to plaintiff, undertook to revoke plaintiff's authority to sell the property. In the latter part of September, 1911, defendants sold the property for the price of $5500; and plaintiff's claim is for two and one-half per cent of said sale price, to-wit, $137.50.

The point was made below, and is preserved here, that the petition failed to state a cause of action, in that it failed to alleged that the contract in question was in force at the time of the sale of the property by defendants. But there is no merit in this contention.   As to this it is unnecessary to say more than that the petition, to which was attached a copy of the contract, was sufficient to apprise the defendants of the nature of the claim against them and to operate as a bar to another action upon the same demand.   It was therefore a sufficient statement before a justice of the peace.

The giving of the peremptory instruction is assigned as error.

It is urged that the defendants could rightfully revoke plaintiff's agency, upon the theory that the latter was one not coupled with an interest, which the principal could terminate at any time; that defendants had so terminated the same and that hence the contract was not in force when defendants sold their property. But this contract not only appointed plaintiff as defendants' agent, but defendants thereby agreed to pay plaintiff a commission upon the sale price of the house whether such sale were made by plaintiff, the defendants, or any one else, during the life of the contract; whereby the defendants disabled themselves from making a sale of their property, without liability to plaintiff, during the period for which the contract would lawfully remain in force. [See Mercantile Trust Co. v. Johntson, 177 Mo. App. 503, 160 S. W. 535; Mercantile Trust Co. v. Lamar, 148 Mo. App. 353, 128 S. W. 20.]

But as the contract in no way stipulated the period of time during which it was to continue in force, it would lawfully remain in effect for a reasonable time only. [See Dickmann v. Treseler, 175 Mo. App. 601, 158 S. W. 76; Green v. Wright, 36 Mo. App. 298.] And the only serious question involved is whether it was proper for the trial court to peremptorily direct a verdict for the plaintiff, thereby, in effect, declaring, as a matter of law, that a reasonable time had not elapsed, and that the contract necessarily remained in force and effect. What is a reasonable time for the performance of a contract is ordinarily a question for the jury, for, as is said by THOMPSON, J., in Green v. Wright, supra, l. c. 304: "It is ordinarily a practical question, upon which the opinion of twelve practical men in a jury box is presumptively of greater value than that of a legal scholar upon the bench." There are undoubtedly cases in which the question may be

passed upon as a matter of law, as it was in Green v. Wright, and Dickmann v. Treseler, supra, in each of which it was held that after the lapse of a period of approximately three years the court could say, as a matter of law, that a reasonable time had been allowed a real estate broker to attempt to procure a sale of property in his hands. On the other hand, the period of time may be so short that the court may declare, as a matter of law, that the real estate broker was not accorded a reasonable time within which to act. In the instant case the contract was executed December 14, 1910. The property was sold by defendants in the latter part of September, 1911, though it does not appear when the improvements were completed. Under the circumstances we think that the trial court should not have declared that a reasonable time had not elapsed and that the contract was in force, as a matter of law, as the court did by giving the peremptory instruction. The question was one depending upon all of the facts and circumstances involved, and should, we think, have been submitted to the jury to pass upon.

In Althoff v. St. Louis Transit Company, 204 Mo. 166, 102 S. W. 642, it is said by Fox, J.: "The court cannot declare, as a matter of law, in any given case, what would be a reasonable time within which to make a tender. That is a question of fact for the jury to determine according to the facts and circumstances of each case, under the guidance of proper instructions to be given by the court."

In Manufacturing Company v. Worrell, 172 Mo. App. 90, 154 S. W. 866, it is said that the expression of the learned judge just quoted should be taken merely as a statement of the general rule; and that where the circumstances of the particular case were such that no two reasonable minds could arrive at a different conclusion the court might, as a matter of law, say that a given period of time for the performance of an act

would or would not be reasonable. [See Manufacturing Company v. Worrell, l. c. 98-101, and cases cited.]

In the case before us, certainly the lapse of time was not so great as to justify the court in declaring, as a matter of law, that a reasonable time had elapsed. On the other hand, we are constrained to the view that we could not say that the period which had elapsed was so short that the court could declare, as a matter of law, that a reasonable time had not elapsed, but that whether or not the contract made December 14, 1910, should be regarded as remaining in force and effect at the end of September, 1911, was a matter for the consideration of the jury and should have been submitted to the latter.

The judgment will therefore be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.