## DAUGHERTY v. SMITH. (No. 5710.)

(Court of Civil Appeals of Texas. Austin. Dec. 6, 1916. Order on Remittitur, Dec. 13, 1916. Rehearing Denied Feb. 28, 1917. On Motion for Further Rehearing, March 14, 1917.)

1. BROKERS ⚖═63(1)—CONTRACT WITH OWNER—TIME FOR DESIGNATING TERMS AND PRICE.

Under contract of owner of land with broker for exclusive agency to sell it, binding the owner to designate the parts in which it should be sold and to name price and terms, the owner must make such designation and name the terms in a reasonable time.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 79, 81, 94–96.]

2. BROKERS ⚖═82(1)—ACTION FOR COMMISSIONS—PETITION.

The petition of a broker against a landowner, who gave him an exclusive agency for sale, binding the owner to designate the parts in which the land should be sold, and to fix price and terms, stating defendant's failure to designate land for sale and to fix price and terms, and alleging in general terms that but for such failure the land would have been sold for a reasonable price, yielding plaintiff certain commissions, is sufficient, without any allegation as to whom plaintiff could have sold.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 101.]

3. APPEAL AND ERROR ⚖═758(3)—BRIEFING ASSIGNMENTS.

An assigment of error, not briefed in accordance with the rules, will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3093.]

4. BROKERS ⚖═46—CONTRACT FOR COMMISSIONS—SALES COVERED BY CONTRACT.

A contract of plaintiff broker with defendant owner of land, by which plaintiff is to have commissions on sales thereafter made, whether by broker or owner, applies to land then under contract of sale by defendant with W.; such contract being conditioned on W. selling other land, and so obtaining means for purchase, and W. not having sold his land and concluded his purchase from defendant till after the contract between plaintiff and defendant.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 47.]

5. BROKERS ⚖═7—CONTRACT FOR COMMISSION —PAROL AND WRITTEN CONTRACTS.

The written contract by which the owner of land agrees to pay a broker commissions on subsequent sales, by whichever of them made, being substantially the same as an existing parol contract between them, takes effect as of the date of the parol contract.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 5–8.]

6. BROKERS ⚖═86(3)—ACTION FOR COMMISSIONS—PREVENTION OF SALE—SUFFICIENCY OF EVIDENCE.

Findings, in an action by broker for commissions, that he was prevented from making sales by failure of landowner to designate land and fix reasonable prices and terms, *held* not sustained by the evidence.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 117.]

## On Motion for Further Rehearing.

7. BROKERS ⚖═46—CONTRACT FOR COMMISSIONS—SALES COVERED BY CONTRACT.

Contract of owner of land with broker, whereby the broker is to have commissions on any of it thereafter sold by either, applies to land then under parol contract of sale by the owner, subsequently consummated, and this though the broker knew of such parol contract; the parol contract not being enforceable, so that there was no sale till after execution of the deed.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 47.]

Appeal from District Court, Milam County; J. C. Scott, Judge.

Action by C. O. Smith against James W. Daugherty. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

Henderson, Kidd & Gillis, of Cameron, for appellant. E. C. Gaines, of Austin, for appellee.

RICE, J. In August, 1911, appellee and J. E. Rowe, who had theretofore been employed by Henderson and Tompkins to sell about 3,000 acres of land, known as the "Riverside Farm," near Cameron, Tex., succeeded in selling same to appellant, and at the same time, in consideration of $1,000 paid to him by appellee and Rowe, appellant gave them, by parol contract, the exclusive agency to resell said land for him, binding himself to designate said land for sale as a whole or in parts, and to name the price and terms of sale, providing, however, that the same should be reasonable, obligating himself to pay a commission of 5 per cent. for such services, irrespective of who made the sale or was the procuring cause thereof, which said contract was thereafter on the 3d day of January, 1912, reduced to writing and executed by appellant and appellee and Rowe. Rowe having assigned his interest in said contract to appellee, this suit was brought by the latter against appellant to recover commissions, alleging that appellant had sold one-half of said farm to his brother, W. J. Daugherty, for $75,000, thereby entitling him (appellee) to a commission of $3,750, and that appellant had failed and refused to place a reasonable price on said land, or to designate it for sale in whole or in parts, and that, if he had done so, appellee could and would have sold the other half of said land for at least $60 per acre, alleging that $60 was a reasonable price therefor, and six months a reasonable time within which to designate the same for sale as a whole or in parts, and that, by reason of his failure and refusal to do so, appellant had breached his contract and had become liable for such commissions.

Appellant filed his first amended an-

---

swer, consisting, among other things, of special exceptions to the effect: (a) That it appeared from the petition that defendant was under no duty to designate the land for sale and place a price thereon and the terms thereof at any particular time; (b) that it does not appear that plaintiff had performed any duty under said contract; and ·(c) that the claim of plaintiff was too remote and speculative; and further set up by way of special plea that the sale of one-half of said farm to W. J. Daugherty was made long before the date of the execution of said contract.

To this answer appellee, as shown by his brief, replied by way of supplemental petition, among other things, that the contract was made during the last days of August, 1911, at the time the contract between appellant and Henderson and Tompkins was signed and was reduced to writing and signed on January 3, 1912, and was, in effect, the same contract entered into by the parties in August, 1911.

The case was tried before a jury on special issues, who in response thereto found that there was a parol contract made in August, 1911, for the resale of said land between the parties, which was, in substance, the same as that reduced to writing in January, 1912, for which appellee gave the consideration of $1,000; that there was an agreement between J. W. and W. J. Daugherty, prior to the date of the written contract, whereby the former was to sell the latter a one-half interest in said farm, but that said agreement was conditioned upon the ability of W. J. Daugherty to sell his farm or otherwise raise the money with which to pay for said one-half; that in a reasonable time after January 3, 1912, J. W. Daugherty named to J. E. Rowe a price for said farm as a whole, but that said price was unreasonable; that the failure of appellee to sell the farm was due to defendant's failure to properly designate the same for sale, and place a reasonable price thereon; that a reasonable price would have been $60 to '$65 per acre, and that, if defendant had designated said farm for sale as a whole or in parts at a reasonable price and terms, plaintiff could and would have sold 350 acres thereof. Thereupon the court rendered judgment in favor of plaintiff for $4,800, of which $3,750 was 5 per cent. on the $75,000 sale to W. J. Daugherty, and $1,050 was 5 per cent. of what 350 acres would have brought at 60 per acre—from which judgment appellant has prosecuted this appeal, asserting (1) that the court erred in overruling his first exception to plaintiff's petition. This exception is as follows:

"Appellant specially excepts to that part of paragraph 3 of said petition which seeks to set forth a cause of action against him upon the ground that he failed to designate for sale a part or parts of the land mentioned in said petition, and failed to furnish the price and terms of said sale, because it is manifest from said petition, and the contract embodied therein and made a part thereof, that this defendant is un-

der no duty or obligation to designate such part or parts of said land or to furnish such price or terms of sale at any particular time or date, and of this he prays the judgment of the court."

[1] It is true that the contract failed to mention that a designation should be made at any particular time, but the law reads into all contracts of this character a stipulation that the same must be performed within a reasonable time; and the petition in this case did allege that six months was a reasonable time for the defendant to plat or designate the land for sale, and that by his failure and refusal so to do, he breached his contract. See 9 Cyc. pp. 611 to 614; 39 Cyc. p. 1332; Hart v. Bullion, 48 Tex. 278; Floral Co. v. McFarland Co., 30 S. W. 93; Cook v. Arnold, 36 S. W. 344; Kauffman v. Baillie, 46 Wash. 248, 89 Pac. 548; Realty Co. v. Wentz, 185 Mo. App. 162, 170 S. W. 345. Believing that the petition is not open to the objection made against it, we overrule this assignment.

[2] It is insisted that the court erred in overruling appellant's special exception lettered (c), directed against paragraph 3 of plaintiff's petition, and by his proposition thereunder it is urged that in a suit by a land agent for commission, where his petition declares upon the landowner's breach of the contract in failing to designate the land for sale as a whole or in parts, and in failing to furnish price and terms of sale, such petition merely stating, as a conclusion, that but for such breach the land would have been sold for a reasonable price, and that its sale at such reasonable price would have yielded the agent a certain commission, without showing that the agent was in touch with a prospective purchaser, or that he had a demand for the land or an opportunity to sell it, or any other fact suggesting a reasonable certainty that he would have sold the land but for the owner's breach, the cause of action which such petition purports to set up is too remote and speculative, and such petition is bad on special demurrer. Special exception (c) reads as follows:

"(c) He further specially excepts to that part of paragraph 3 of said petition which seeks to set forth plaintiff's claim for commission based upon the supposition that if this defendant had designated for sale a part or parts of said land and furnished the price and terms of such sale, said land would have been sold for a reasonable price, and that a sale of said land for a reasonable price would have yielded to plaintiff and said Rowe a commission of $9,000, or that the sale of one-half of such land would have yielded them the sum of $4,500, because such claim is too remote and speculative, and said petition fails to show that either plaintiff or said Rowe could and would have sold said land for its reasonable value, or for a price which this defendant would have accepted. And of this it prays the judgment of the court."

It is true that paragraph 3 of said petition only stated in general terms that, but for appellant's failure to designate the land for sale as a whole or in parts, and to fix the price and terms of sale, the same would have been sold for a reasonable price, and

that such sale would have yielded appellee certain commissions, stating the amount thereof; still we think this exception was properly overruled, because, while this contention might hold good in an ordinary case, the principle contended for is not applicable here, since no action could have been taken on the part of appellee looking towards the sale of the land until appellant had designated the portion he desired to sell and fixed the price and terms thereof; and it was therefore impossible, under the circumstances, for appellee to go further and allege to whom he could have sold the land, in the event appellant had made the designation or named a reasonable price therefor. And it would have been competent, we think, under such allegations, to show that similar and adjacent lands had been sold and the prices obtained therefor, as a basis for the recovery of commission on the part of appellee.

[3] We overrule the third assignment, because not properly briefed in accordance with the rules.

[4, 5] It is urged on the part of appellant by his fourth assignment that under the written contract of January 3, 1912, appellee could only recover for sales made subsequent to its execution, because said contract specially provided that appellant was only to pay commissions on sales thereafter made, and that, since the sale to W. J. Daugherty was shown to have been made in the fall of 1911, plaintiff was not entitled to recover commissions thereon. We think there are two satisfactory answers to this contention: First, the contract of sale to W. J. Daugherty was conditioned upon his ability to sell his Travis county farm, in order to pay for said land, and the evidence shows that he did not sell his Travis county farm until after the 3d of January, 1912, or conclude the purchase from his brother until after that time; and, second, appellee could not be deprived of his right of recovery, even if the sale was made prior to the date of the written contract, for the reason that the parol contract of August, 1911, authorized his recovery, and the jury found that these contracts were substantially the same. The written contract, therefore, would take effect as of the date of the parol contract. See Jones on Evid. § 443; Insurance Co. v. Shaffer, 30 Tex. Civ. App. 313, 70 S. W. 566; 17 Cyc. p. 695.

[6] The finding of the jury on special issue No. 10 is to the effect that if appellant had designated said land for sale as a whole or in parts, and fixed a reasonable price for the sale thereof, it was probable that 350 acres would have been sold; and this is the basis for the recovery of the item of $1,050. This finding is assailed under the eighth assignment, on the ground that it is wholly unsupported by the evidence, in that the undisputed evidence shows that appellant had instructed J. E. Rowe, one of the parties to the written contract involved in this suit, to sell 350 acres of the land, and the price he fixed for such sale was reasonable. We sustain this assignment. The testimony, without contradiction, shows that appellant, on the night the written instrument was executed, and on different occasions subsequent thereto, authorized J. E. Rowe, appellee's associate and a party to the contract, to sell the entire farm for $75 per acre; Rowe stating that he thought the price named was reasonable. It was further shown, without contradiction, that Rowe mentioned a lady who had sold her farm in Travis county, and wanted to buy 350 acres of land, and that he (Rowe) wanted to sell her 350 acres of the Riverside Farm, and appellant encouraged the suggestion; but Rowe never brought the lady to the farm, or asked any reduction in the price, or entered into any further negotiations. The testimony of Hefley and Denson, who were both familiar with the land in controversy, and had known the same for many years, and were acquainted with land values in Milam county, testified that the land was worth from $60 to $75 per acre, and there is no other testimony in the record as to the price being reasonable. The evidence further conclusively shows that neither appellee nor Rowe made any effort to sell the land or any part thereof. This being true, we hold that such finding is unsupported by the testimony, and ought to be set aside.

We have considered the remaining assignments, and regard them as without merit, for which reason they are overruled.

From what we have said it is apparent that we conclude that material error was committed in the court below. However, that error relates to only one item of damages, which was fixed by the verdict of the jury at $1,050, and appellee can avoid a reversal of the judgment by remitting that amount. Therefore appellee will be allowed 10 days in which to file such remittitur, in which event the judgment for the balance will be affirmed; otherwise, the judgment will be reversed, and the cause remanded.

### Order on Remittitur.

Appellee having filed a remittitur herein for the sum of $1,050, as suggested by us in the original opinion, the judgment of the trial court for the balance in his favor, to wit, $3,750, will in all respects be affirmed; and it is so ordered.

Reformed and affirmed.

### On Motion for Further Rehearing.

[7] I. The main contention of appellant is that a half interest in the land was sold to his brother prior to January 3, 1912, the date of the written agreement, which is the basis upon which this suit is predicated, and hence appellee was not entitled to recover because said agreement provided that appellee was only entitled to receive commissions upon sales thereafter made. We think it is clear

from the testimony in this case that the sale by appellant to appellee was not consummated until after January 3, 1912. While appellant testified that he made a verbal agreement with his brother, W. J. Daugherty, to sell him a half interest in the place, in the latter part of November or early in December, 1911, or contracted with his brother to this effect, still the deed was not executed until February 3, 1912. Before the execution of the deed there was only a parol contract on his part to convey to his brother, not enforceable under the statute of frauds; hence no sale of the land can be said to have been made by him to his brother until after the execution of the deed, which was subsequent to the date of the contract on which the suit is based. Until the sale had been actually completed, appellee was not entitled to a recovery.

II. It is further urged by appellant that, as Smith and his associate had knowledge of the sale at the date of the contract, and failed to provide for payment of commissions thereon, it is clear that he did not intend to claim any commissions arising therefrom. Even if they knew the facts, as above recited, at the time of the execution of the written contract, it would not prevent their recovery, because it did not amount to a sale, and recovery was not authorized until the subsequent consummation of the existing parol contract, which occurred on February 3, 1912.

After a full consideration of the motion for rehearing, we have concluded that it should be overruled; and it is so ordered.

Motion overruled.