ZENAS R. WRIGHT v. WILL BEACH.

*Commissions on sale of real estate—Pleading.*

1. An agent, in order to recover commissions on the sale of real estate under a writing, signed by the defendant alone, authorizing the agent to sell the land for a specified sum net cash to the defendant, and to retain the surplus as his commission, and which declares that the agreement is to be binding for 60 days, must show that he procured a purchaser of the land able and willing to buy on the terms stated in the writing, of which fact he notified the defendant before the expiration of the sixty days, and before defendant had revoked the authority, or before the agent had knowledge of the sale by defendant of the land to another than his proposed purchaser, and that the failure to consummate the agent's proposed sale was through some fault of the defendant.[1]

2. In such a case a declaration setting forth the agreement, the securing of a purchaser by the plaintiff in accordance with its terms, the purchase price, and the sale of the land by the defendant, without notice to the plaintiff, is sufficient.

Error to Jackson. (Peck, J.) Argued June 26, 1890. Decided October 10, 1890.

---

[1] See *Hannan v. Fisher*, 82 Mich. 208.

| 82 | 469 |
| s 107 | 661 |
| 82 | 469 |
| 126 | 418 |

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Loud & Price,* for appellant.

*Charles B. Wood,* for plaintiff.

GRANT, J.    The defendant authorized the plaintiff to sell a certain piece of land, the property of one Mrs. Steele, for whom defendant was agent.    The agreement was in writing, and is as follows:

"JACKSON, MICH., June 22, 1888.

"I hereby authorize Z. R. Wright to sell the Dixon place on Fourth and Union street, subject to right of redemption, for the sum of $350 net cash to me, the amount above the same to be retained by said Wright as his commission.    This sale is made subject to any back taxes on same.    This agreement to be binding for 60 days.          ,                    WILL BEACH."

The case was tried with a jury.

July 25, 1888, defendant made a contract for the sale of the land to one Platt, who paid $10 to bind the purchase, for which a written receipt was given stating the terms of the sale.

The court instructed the jury that, in order to find a verdict for plaintiff, they must find that the plaintiff procured a purchaser of the property able and willing to buy on the terms of defendant's proposition, as stated in the writing; that he notified defendant, Beach, of the fact; that this was done before the expiration of the 60 days, and before defendant had revoked the authority, or before plaintiff knew that the land had been sold to some one else; and that it was through some fault of the defendant that plaintiff's purchase was not consummated.    The jury were further instructed that if they found these facts established by the evidence the plaintiff was entitled to recover but if they were not established then their verdict should be for the defendant.

The jury found for the plaintiff, and rendered a verdict for the amount established by the evidence. There was evidence for the consideration of the jury upon all these points, and the instruction of the court was correct.

The special count upon which the plaintiff relied upon the trial was sufficient. It set forth the agreement, the securing of a·purchaser by plaintiff in accordance with the terms of the written agreement, the purchase price, and the sale by defendant, without notice to the plaintiff.

Judgment affirmed.

The other Justices concurred.