C. H. KIRSHNER V. FRANK J. BROWN.

No. 15,638.   (96 Pac. 848.)

SYLLABUS BY THE COURT.

1. CONTRACTS—*Agent's Commission upon a Sale of Real Estate.*
Where one has charge of real estate under an agreement that
he shall have the exclusive agency for its sale and as a part
of his compensation for his services shall receive a percentage
of the price if it is sold, no matter by whom, a contract ex-
ecuted by the owner granting to a third person a right to sell
the property and retain all the proceeds over a certain price
as a commission does not amount to a sale in such a sense as
to entitle the original agent to the specified percentage of
such price.

2. ——— *Same.* Where under the circumstances stated in the
foregoing paragraph the original agent, upon the execution
by the owner of the second contract, treats his own employ-
ment as ended and sues at once for such percentage, his case
is not aided by the fact that afterward the second agent finds
a buyer for a part of such property upon such terms as to
yield the owner the specified amount, and upon the consum-
mation of such deal receives a deed to the remainder of the
property as his commission.

3. ——— *Same.* Under such circumstances the matter is not.
affected by the consideration that under the second contract
the agent therein named agrees to plat the land and offer it
for sale in small tracts, under an agreement that whenever
the fixed amount is paid to the owner the unsold portions shall
be deeded to him, he, however, assuming no absolute obliga-
tion either to buy himself or to find a buyer.

Error from Shawnee district court; ALSTON W.
DANA, judge. Opinion filed July 3, 1908. Reversed.

*W. H. Cowles,* and *Beardsley, Gregory & Kirshner,*
for plaintiff in error.

*Edwin A. Austin,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: Frank J. Brown sued C. H. Kirshner and
the Board of Trustees of Oberlin College for a balance
claimed to be due upon an account for services rendered

for them with respect to several pieces of real estate owned by the college, under an agreement that as compensation therefor he was to receive 5 per cent. of all rents collected and 2½ per cent. of the price should any of the property be sold, no matter by whom, he, however, to have an exclusive agency for the sale thereof. A demurrer to the evidence was sustained, so far as related to the board of trustees, but a judgment was rendered against Kirshner, from which he prosecutes error.

The real controversy is whether the plaintiff was entitled to receive 2½ per cent. of $18,000, or $450, on the ground that one of the tracts referred to, described as the Stilson land, had been sold for $18,000. He pleaded an account, showing a long list of charges and credits, apparently covering all his transactions with the defendants from his first connection with them, doubtless to emphasize his theory of the case and to make it plain that he was not asking an agent's commission for making a sale. The balance stated, however, was $470.40, or but $20.40 in excess of the amount referred to. A number of specifications of error are argued, but they do not seem to require discussion in detail.

The contention of the plaintiff is that while his contract with Kirshner was in force the college sold the Stilson tract for $18,000, and that thereby he became entitled to an amount equal to 2½ per cent. of this price. The transaction relied upon as a sale was this: The college entered into a written contract with one A. B. Grover which granted to him for a stated time the sole right to sell the property, and provided that he should plat it into city lots, to be sold by him on time, for prices sufficient to yield in the aggregate more than $18,000 and interest, and that whenever this sum was received by the owner the lots then remaining unsold should be deeded to Grover as a part of his compensation for making the sales. He agreed to push the sale of the lots at his own expense, and to furnish all con-

tracts and other printing. Ultimately the plan thus outlined was carried out in full, the college receiving the price stipulated and conveying the remaining lots to Grover. But before any important step had been taken in that direction the plaintiff brought his action, alleging that his contract had been terminated by the action of Kirshner.

It may be that the execution of the written agreement referred to, either by itself or in connection with other acts complained of, was such an invasion of the plaintiff's rights as to give him at once a cause of action against Kirshner. Perhaps he might have successfully sought damages for the breach of his contract. Or, regarding this as having been repudiated by the other party, he might have been entitled to compensation for such services as he had already performed, measured by their reasonable value. But he sued upon the contract itself—seeking no relief except under its very terms. To recover upon this theory it was necessary for him to show a sale of the Stilson tract during the life of his contract. His agreement with Kirshner was not open to the interpretation that he was to receive a percentage of whatever price the college might obtain for its land upon some sale made in the distant future, when their relations had entirely ceased. It contemplated merely that while it was in effect a percentage of the receipts from sales should go to him. It came to an end, according to his own pleading, before this action was begun. Therefore he was not entitled to recover in this proceeding unless the contract between the college and Grover in itself constituted a sale. The plaintiff is not aided by the fact that because of that contract and in pursuance of its terms all of the property was finally sold—portions of it being deeded to various buyers found by Grover and the rest to Grover himself. The sale or sales afterward made can not be deemed to date back by relation to the time the contract was entered into.

The trial court held that for the purposes of the case the contract between the college and Grover amounted to a sale, and so instructed the jury. This we think was error. We regard the contract as one authorizing an agent to sell, and retain as his commission all of the price over a fixed sum. It lacked an essential element of a sale—a buyer. The only parties to it were the owner and Grover, and Grover did not agree to buy. He did not even undertake to find a buyer. The extent of his obligation was to make an effort to do so. It was possible for the contract to have been fully performed according to its terms without a single lot being sold. At the time this action was brought there was no certainty that, although each party should conform fully to its provisions, any transfer of title would ever be made under it. The fact that sales were afterward made and that the whole title ultimately passed can not affect the character of the transaction as it stood when the plaintiff brought his action.

This view doubtless disposes of the case, for as already suggested the real controversy turns upon the right of the plaintiff to receive what is in effect a commission upon the sale of the Stilson tract. A cross-petition in error has been filed against the trustees of the college, but as the consideration stated precludes a recovery against them as well as against Kirshner it need not be examined.

The judgment is reversed for the reasons given.