## NOVAKOVICH v. UNION TRUST COMPANY.

Opinion delivered March 1, 1909.

REAL ESTATE BROKERS—REVOCATION OF AUTHORITY—COMMISSION.—Where a real estate broker was given the exclusive agency to sell property within a certain period, and within that period the owner sold the

property through another broker, he will be liable to the first broker for his commission.

Appeal from Pulaski Circuit Court; *Robert J. Lea,* Judge; affirmed.

*Bradshaw, Rhoton & Helm,* for appellant.

A contract of agency may be revoked at any time before sale unless coupled with interest or given for a valuable consideration. Proposed compensation by way of percentage on the amount of proceeds derived from the sale constitutes no such interest, neither will expenditures made by the agent in the effort to make the sale come within the rule of agency coupled with interest. 1 Warvelle on Vendors, § § 218, 219; 1 Am. & Eng. Enc. of L. 1217; 11 Ore. 361; 73 Ala. 372. Revocation may be effected in any manner showing the intention of the principal to withdraw his authority, either expressly or by implication. 1 Am. & Eng. Enc. of L. 1219; 141 U. S. 627.

*Moore, Smith & Moore,* for appellee.

1. Under the contract in question the agency ran from its date until written notice to appellee of the property's withdrawal from sale. The instrument is an offer on appellant's part to employ and an acceptance by appellee of such employment evidenced by its efforts and undertaking to sell the porperty in accordance with the contract. When so accepted, it became an executed contract binding on both parties. Here are mutual promises each furnishing sufficient consideration for the other. 47 S. E. 92; Mechem on Agency, § 108.

2. The power of revocation is not to be confused with the *right* of revocation. While the principal may at all times have the power to revoke a contract, yet, if he exercises such power where the *right* does not exist to do so, he becomes liable to the agent. Mechem on Agency, § 209; Tiffany on Agency, pp. 136, 139, 448-9.

BATTLE, J. On the third day of June, 1907, the Union Trust Company, a corporation, brought this action against Nick Novakovich and wife to recover $225 as commissions on the sale of certain real estate. The action was based on the following contract:

,        "Little Rock, Ark., February 25, 1907.

"I have this day placed with the Union Trust Company for sale the property described on the reverse side of card of which I am the owner.

"The said Union Trust Company shall have the sole agency of sale for the above property for three months from the date hereof, and after until notified by me in writing of its withdrawal from sale. And I hereby authorize them to sell and contract with purchaser for the sale and conveyance by warranty deed of said premises, at a price of $7,000 and terms of payment as written on reverse side of card, or any price or terms which I may authorize them to accept other than the above; and if the said property be sold during the period above stated, no matter by whom, I agree to pay them a commission of $225, the usual per cent. on the gross amount of such sale."

The defendants denied indebtedness.

Plaintiff recovered judgment against the defendants for the $225 and interest and costs, and the defendants appealed.

Upon procuring the foregoing contract plaintiff immediately opened negotiations with Walter Nash for the sale of the real estate and continually kept them up for about three months, visiting the property two or three times with him, suggesting alterations in it which would make it a better investment, and in various ways attempting to induce Nash to purchase the property. These negotiations were carried on until the property was sold by another agent to the said Walter Nash for $7,000, he (the other real estate agent) taking other real estate in part payment and accounting to defendants therefor as $2,000; the other $5,000 being paid by Nash in cash. The sale was made and completed before plaintiff was notified in writing by the defendants or either of them of the withdrawal of the property from sale. Is plaintiff entitled to recover upon the contract?

Appellants contend that the contract sued upon conferred on appellee a naked power to sell, uncoupled with an interest in the property, and that it was revocable at any time they might choose to revoke it, and that when they revoked it before the sale the Union Trust Company could not recover the agreed commission. It is true that the power vested in the Trust Company by

the contract was not coupled with any interest, as the commission to be earned was not an interest rendering the power irrevocable. But Mechem on Agency, § 209, says:

"Where, then, the authority is not coupled with an interest, the principal has the power to revoke it at his will at any time. But this power to revoke is not to be confounded with the right to revoke. Much uncertainty has crept into the text books and decisions from the failure to discriminate clearly between them. Except in those cases where the authority is coupled with an interest, the law compels no man to employ another against his will. As it has been seen, the relation of an agent to his principal is founded in a greater or less degree in trust and confidence. It is essentially a *personal* relation. If, then, for any reason the principal determines that he no longer desires or is able to trust and confide in the agent, it is contrary to the policy of the law to undertake to compel him to do so. * * * This, then, is what is meant when it is said that the principal may revoke the authority at any time. But it by no means follows that, though possessing the power, the principal has a right to exercise it without liability, regardless of his contracts in the matter. It is entirely consistent with the existence of the power that the principal may agree that for a definite period he will not exercise it, and for the violation of such an agreement the principal is as much liable as for a breach of any other contract. It is in this view, therefore, that the question of the right to revoke the authority arises."

"Section 210. Where no express or implied agreement exists that the agent shall be retained for a definite time, the power and the right of revocation coincide. Such employments are deemed to be at will merely, and may therefore be terminated at any time by either party without violating contract obligations or incurring liability. The law presumes that all general employments are thus at will merely, and the burden of proving an employment for a definite period rests upon him who alleges it. * * * But where the agent has been employed for a fixed period the agency can not be rightfully terminated before the expiration of that period at the mere will of the principal, but only in accordance with some express or implied condition of its

continuance. Any other termination of such an agency by the act of the principal will subject him to liability to the agent for the damages he has sustained thereby."

To the same effect see *Rowan* v. *Hall* (W. Va.), 47 S. E. 92; Tiffany on Agency, pp. 136, 139, 448-9; 1 Clark & Skyles on the Law of Agency, § § 158, 160.

The contract sued upon is a valid contract. It was based upon mutual and dependent promises—on one side to employ and on the other to serve, and the Trust Company in good faith undertook to perform its part. The consideration was sufficient. According to the terms of it, the Trust Company had the sole agency of sale of the property for three months after the date of the contract and thereafter until notified by appellants in writing of its withdrawal from sale, and if it was sold within that time, no matter by whom, was entitled to a commission of $225. *Rowan* v. *Hull, supra; Clark* v. *Dalziel,* 84 Pac. 429.

Judgment affirmed.