### James H. Button Company v. Hammon.

(Decided December 10, 1914.)

#### Appeal from Oldham Circuit Court.

Brokers—Employment and Authority.—A contract construed and held thereunder that a sale of the premises operated as a withdrawal of the contract and subjected the principal to liability for commissions thereunder.

EDWARDS, OGDEN & PEAK and WM. MIX for appellant.

D. H. FRENCH for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

On April 25, 1912, Evan Hammon, then the owner of a tract of land in Oldham county, entered into a contract with James H. Button, doing business as James H. Button Company, real estate agents, listing his property with them for sale. Those parts of the contract which are material upon this appeal are as follows:

"I hereby agree that said firm may sell said property for the sum of six thousand five hundred dollars;  *  *  * and further agree that I will convey said above described property with good, merchantable title.  *  * ' * This authority shall be good and binding on me if accepted in writing, on or before the 24th day of June, 1912, or for such time thereafter, until withdrawn in writing; and I agree that this contract may not be withdrawn from James H. Button Company at any time prior to said date of expiration without the payment to said agent of the regular fee as stated above.  *  *  * In case the above described property is not sold under the above authority, then there is to be no charge made whatever."

Alleging that in May, 1912, Evan Hammon sold the property mentioned through another agent, the James H. Button Company brought this suit against Hammon in the Oldham Circuit Court to recover the sum of $285 as commissions under the contract. The court sustained a demurrer to the petition, and, on plaintiff's declination to plead further, dismissed the action. Plaintiff appeals.

The only question involved upon the appeal is whether the alleged act of Hammon in selling the property rendered him liable for commissions under the contract.

By the contract, Hammon granted to the Button Company the privilege of selling his property, and the latter was to have this privilege until June 24, 1912. Hammon agreed with the Button Company that he would not withdraw this privilege until June 24, 1912, except upon the payment to the latter of the regular commission for making sales; and his alleged act in selling the property, having rendered nugatory his grant of that privilege to the Button Company, operated therefore as a withdrawal of that privilege. Having covenanted that he would not withdraw that privilege except upon payment of the regular commissions, he became liable therefor.

It is true the last sentence of the contract provides that unless the property is sold under the contract, there is to be no charge made; but this must be read in connection with the remainder of the contract; and when so read and construed, it will be seen that this sentence has reference only to an expiration of the contract by lapse of time, i. e., if Hammon had permitted the Button Company to have the privilege of selling his property for the full period, without withdrawing it by sale or otherwise, then he would have been liable to no charge.

The trial court erred in sustaining the demurrer to the petition.

Judgment reversed; whole court sitting.