## FRENCH v. LOVE et al.  (No. 6926.)

(Court of Civil Appeals of Texas. Austin. Feb. 10, 1926. Rehearing Denied March 3, 1926.)

1. **Evidence** ⊚⟲398.

Oral testimony *held* inadmissible to alter broker's agreement to sell real estate, where it was not alleged that such agreement was result of mistake, accident, or fraud.

2. **Evidence** ⊚⟲398.

Oral testimony *held* inadmissible to explain language of broker's agreement to sell real estate, where language of such agreement was plain and unambiguous.

3. **Brokers** ⊚⟲46.

Broker *held* entitled to commission, where real estate was sold by owner after giving him exclusive right to sell it.

4. **Brokers** ⊚⟲71—Property owner held estopped from claiming reduction in broker's commission, where such owner sold at reduced figure.

Where broker was given exclusive right to sell certain property and owner sold it during term of such agreement, he was entitled to commission, and owner was estopped from claiming any reduction because property was sold at reduced figure.

5. **Brokers** ⊚⟲88(1)—Where owner sold property, question of whether purchaser falsely represented that he had not discussed sale with vendor's broker held for jury.

In broker's action for commission against owner who had sold property to another, who was impleaded, question of whether purchaser falsely represented that he had not discussed sale with broker *held* for jury, where vendor acted in good faith thinking broker was to receive commission only on sale of his prospects.

6. **Fraud** ⊚⟲59(1)—Purchaser, representing he had not discussed sale with vendor's broker, held liable to vendor for value of property transferred.

Where property owner in good faith sold property while broker's contract to sell was in

force thinking broker was entitled to commission only on his prospects, vendor's measure of damages against purchaser for false representation that he had not discussed sale with broker was value of additional property transferred on strength of such representation.

### 7. Fraud ☞27—Purchaser held liable to vendor for falsely representing he had not discussed sale with vendor's broker.

Purchaser, falsely representing to vendor that he had not discussed sale with latter's broker, *held* liable in damages to vendor who acted thereon to her damage, thinking broker, to whom she had given exclusive right to sell property involved, was entitled to commission only if sale was made to his own prospect.

Appeal from Navarro County Court; A. P. Mays, Judge.

Action by W. F. Love against Mrs. Pearl French, in which defendant impleaded J. O. Burke by filing cross-action against him. From a judgment for the plaintiff on his cause of action and for Burke in cross-action, defendant appeals. Affirmed as to plaintiff's cause of action. Reversed and remanded as to cross-action.

Callicutt & Upchurch, of Corsicana, for appellant.

Richard Mays, of Corsicana, for appellee Love.

BLAIR, J. This appeal is from an instructed verdict and judgment thereon in the suit of appellee, W. F. Love, against appellant, Mrs. Pearl French, for a 5 per cent. commission on $16,000, or for $800, with interest at 6 per cent. from February 3, 1923, which he alleged to be due him under a written exclusive agency contract by appellant, from which we quote the following material portion:

"Price $16,000.00, terms ⅓ cash at 8 per cent. interest. It is agreed and understood that the said W. F. Love shall receive 5 per cent. of the price at which said property may be sold while in their hands, no matter by whom sale is effected, and that the said W. F. Love, in consideration of his services rendered in advertising the above-described property, shall have the right to close a sale on the foregoing terms at any time until the said property shall be formally withdrawn from his agency, which withdrawal shall not be made prior to the 3d day of February, 1923, * * * and the said W. F. Love shall have the right to effect and to close a sale at any time prior to the 3d day of February, 1923. * * * Commission due when sale is completed, and payable in said W. F. Love office, Corsicana, Tex. The said W. F. Love agrees to advertise said property without cost to me."

The contract was dated November 3, 1922, and appellee alleged that he took charge of the property with a view of making the sale, advertised it for sale, and otherwise set about to find a purchaser; that he found a purchaser in the person of J. O. Burke, who agreed to and did buy the property at the price stated in the contract; and that appellant executed and delivered to him a deed conveying the property. He further alleged that after he negotiated with Burke, and while the sale was being negotiated by him with Burke, appellant, without lawful right to do so, and without appellee's knowledge, undertook to and did complete the sale of the property to Burke during the period of his agency contract; whereby she became legally and justly liable to him under the contract for 5 per cent. commission on $16,000, with interest at 6 per cent. from the date of the sale to Burke. Appellant's sole defense to this suit was as follows:

"That prior to placing her property in plaintiff's hands for sale, this defendant had already talked with said J. O. Burke as a prospective purchaser, and that defendant had the right, even during the life of whatever contract she had with plaintiff, to sell said property through and by her own efforts, as was agreed upon and explained to her by the plaintiff at the time, that it was understood between plaintiff and defendant that the exclusive right of sale given to plaintiff was only as to other real estate agents and did not in any way apply to defendant or prevent her from selling the property to any purchaser she might find, and this was represented to defendant by plaintiff as the meaning of said contract, and defendant signed the contract with this express understanding. Defendant says that the plaintiff had nothing to do with procuring said J. O. Burke as a purchaser of said property, but that she, herself, made her own trade with said Burke, and not upon the terms which she authorized plaintiff to make a sale, and that plaintiff had nothing to do with the sale to said Burke, nor with procuring him as a purchaser of this defendant's property."

[1, 2] Appellant offered to testify in support of these allegations that, at the time she executed the contract, it was mutually agreed and understood the language, "that the said W. F. Love shall receive 5 per cent. commission of the price at which said property may be sold while in their hands, no matter by whom sale is effected," should be construed to apply only to other real estate agents, and not to a sale made by her independently of the said Love and without his aid. The testimony was excluded upon the ground that its admission would vary the terms of the written contract in the particular mentioned. Without question the exclusion of this testimony was correct, for its admission would have varied the plain and unambiguous terms of the contract. The very purpose of the contract was to include other real estate agents and all persons "no matter by whom sale is effected." To construe this language so as not to apply to the owner would certainly vary the terms of the contract in this particular.

---

Appellant did not allege that the exclusive agency contract with appellee was ambiguous; nor that appellant was in any manner overreached; nor that she entered into the contract as a result of mistake, accident, or fraud; nor that it was improperly written; nor that her signature to the contract was other than genuine—her sole defense to it being that as written it was of doubtful meaning. It is too well settled in this state to require an elaborate discussion that the terms of a written contract cannot be varied by oral testimony, unless it is executed as the result of a mistake, accident, or fraud, and that it cannot be explained by oral testimony where the language is plain and unambiguous. The following authorities, cited by appellee, conclusively support the action of the trial court in excluding the oral testimony that the exclusive agency clause was not intended to apply to appellant. Bigham v. Bigham, 57 Tex. 238; White v. Hager, 248 S. W. 319, 112 Tex. 516; Belcher v. Mulhall, 57 Tex. 17; Self v. King, 28 Tex. 553; Milliken v. Callahan Co., 6 S. W. 681, 69 Tex. 205; Harper v. Improvement Co. (Tex. Com. App.) 228 S. W. 188; Eldora Oil Co. v. Thompson (Tex. Com. App.) 244 S. W. 505; Swift v. Roach (Tex. Civ. App.) 266 S. W. 846; Iowa Canning Co. v. Ainsa Co. (Tex. Civ. App.) 267 S. W. 540.

[3] At the conclusion of the evidence, the court instructed a verdict for appellee, Love, in the sum of $800 and interest, upon the theory that he was given the exclusive right to sell the property under the terms of the contract, and that he was entitled to a commission on the sale made by appellant though made independently of appellee's aid; such sale having been made during the life of the agency contract.

We are of the opinion that the trial court correctly instructed a verdict for appellee, Love, against appellant, Mrs. French, for to do so was merely to carry out the contract as written between them. The law is well settled by the following authorities that, where a broker is given exclusive right to sell property and the property is sold during the time that right is in force, under the terms of the contract he is entitled to commission on the sale made, though made independently of his act. McFarland v. Lynch (Tex. Civ. App.) 159 S. W. 303; Stringfellow v. Powers, 23 S. W. 313, 4 Tex. Civ. App. 199; Blumenthal v. Bridges, 120 S. W. 974, 91 Ark. 212, 24 L. R. A. (N. S.) 279; Harrell v. Zimpleman, 17 S. W. 478, 66 Tex. 292; Sylvester v. Johnson, 75 S. W. 923, 110 Tenn. 392; Metcalf v. Kent, 73 N. W. 1037, 104 Iowa, 487; Gregory v. Bonney, 67 P. 1038, 135 Cal. 589; 19 Cyc. 264; Novakovich v. Trust Co., 117 S. W. 246, 89 Ark. 412; Kirshner v. Brown, 96 P. 848, 78 Kan. 531; Button Co. v. Hammon, 170 S. W. 1186, 161 Ky. 498; Ward v. Fletcher, 124 Mass. 224; Wright v. Beach, 46 N. W. 673, 82 Mich.

469; Sunflower Bank v. Pitts, 66 So. 810, 108 Miss. 380; Green v. Cole, 30 S. W. 135, 127 Mo. 587; Weeks v. Smith, 75 A. 773, 79 N. J. Law, 388; Moses v. Bierling, 31 N. Y. 462; Goldsmith v. Coxe, 61 S. E. 555, 80 S. C. 341; Brown v. Lapp (Ky.) 77 S. W. 194; Wanstrath Real Estate Co. v. Wenz, 170 S. W. 345, 185 Mo. App. 162; Mercantile Trust Co. v. Johnson, 160 S. W. 535, 177 Mo. App. 503; Hunter v. Wenatchee Land Co., 97 P. 494, 50 Wash. 438; Fairchild v. Rogers, 20 N. W. 191, 32 Minn. 269; Attix v. Pelan, 5 Iowa, 336.

The rule above announced is a universal one and is well stated in Turner v. Baker, 74 A. 172, 225 Pa. 359, as follows:

"It is true in some of our cases, where the parties had executed a contract in which it was expressly covenanted that the broker should be paid a stipulated commission in the event of a sale within the time specified, no matter whether it was effected by the broker, or by the principal, or by any other person, it was held that the commission could be recovered when the sale was made, and that it was immaterial who made it. These cases announce no new rule of law. They are simply declaratory of a fundamental maxim, which is that parties are bound by the terms of their own contract. If an owner of real estate chooses to make a contract with a broker, in which it is stipulated that the broker shall have the exclusive right to sell the property within a specified time, and that he shall be entitled to receive a certain commission if a sale be made within the time designated, no matter who makes it, he is bound by its terms, and cannot be relieved from a bad bargain because his agreements may have been foolish or improvident. Our cases have gone thus far and no farther."

[4] Neither do we sustain appellant's contention that since she sold the property for less than $16,000 as listed with appellee Love, he was not entitled to a full 5 per cent. commission; and that since she sold the property subject to a $3,300 indebtedness, he was not entitled to full 5 per cent. commission upon the indebtedness portion of the consideration. Under appellee Love's contract with appellant, he had a right to sell the property for $16,000 and was entitled to a 5 per cent. commission for the sale of it at that price. The contract mentioned that there was a $3,300 indebtedness, and notwithstanding this fact appellant agreed in writing to pay the sum of 5 per cent. on $16,000, or $800, for the sale of the property at a purchase price of $16,000. The fact that she made the sale of the property herself for $16,000, and included other property such as shades and draperies, would not relieve her from liability under the contract with Love for his commission. The law in this state seems to be settled that under such circumstances she would be estopped from claiming any reduction from her liability to Love. Stringfellow v. Powers, 23 S. W. 313, 4 Tex. Civ. App. 199; Webb v. Harding (Tex. Com. App.) 211 S. W. 927, in which later case it was held:

"Where, as in the case at bar, the broker procures a purchaser, and the owner voluntarily reduces the price, or sells upon different terms from those provided in his contract with the broker, the sale being actually consummated at a price and upon terms satisfactory to the owner, the broker is entitled to recover upon the contract. * * * The defendants had the right to waive the stipulated price and terms, and change and alter the same; but this did not in any wise affect the plaintiffs' right to their commissions."

We are therefore of the opinion that the judgment of appellee, Love, against Mrs. Pearl French should be in all things affirmed.

Appellant impleaded J. O. Burke, the purchaser, and by petition on cross-action against him alleged that appellee, Love, had nothing to do with the procuring of Burke as the purchaser of her property, but she made the trade, and before closing it with Burke she asked him whether appellee, Love, had any talk or transaction with him with reference to the sale of her property, and that Burke represented to her and assured her that Love had not had any negotiations or talk with him with reference to the sale of the property; that appellant sought this information because she desired to know whether, if she sold the property to Burke, she would be liable to Love for any commission, and so informed Burke at the time; and that in order to make the sale for $16,000 the appellant was required to include in the sale the shades and draperies, etc., worth $600 or $800, which she would not have done if she had known that Love would claim a commission for the sale of the property; and that she included the shades, draperies, etc., upon the information from Burke that Love, as a real estate agent, had not negotiated or talked with him with reference to the sale; and that said statements of Burke induced her to make the sale to him of the house and lot for $16,000, and to include the shades and draperies, relying upon the representations of Burke that appellee Love had in no way approached him or negotiated with him concerning the sale of her property. She prayed judgment over against Burke in the event appellee Love obtained a judgment against her.

Burke answered the cross-action suit by a general demurrer and a general denial, and upon the issues thus joined by the pleadings the cause proceeded to trial.

[5] Appellant, Mrs. French, testified that she told Burke that appellee Love was her agent, but that if she made the sale without his aid no commission would be due him, under her construction of the contract with Love; and further testified that Burke made all the representations and statements pleaded by her, which induced her to make the sale, including therein shades and draperies, etc., which she would not have done but for the representations. Burke testified that he made no such representations to Mrs. French, and the sum and substance of his testimony as to Love trying to sell him the property was that he did not know whether he tried to sell it to him.

At the conclusion of the testimony on the cross-action suit, the trial judge instructed a verdict for appellee Burke against Mrs. French, but upon what theory the record does not clearly disclose. The appellant prepared and presented the court correct special issues to be presented to the jury covering the matters raised by the pleadings and the evidence on the suit on cross-action, which were refused. The court erred in refusing to submit the matters to the jury.

[6, 7] If Mrs. French in good faith thought she was not due a commission to Love in the event she made a sale of her property without his aid, and so informed Burke, her purchaser, who thereupon represented that Love had in no way or manner talked to or tried to sell him the property, she would be entitled to recover of Burke such damages as may have resulted to her by reason of the representations, if they are found to have been made and were untrue and induced her to act to her injury. In other words, Burke's liability did not depend upon the right of Love to collect a commission; but upon his representation that Love had in no manner talked to him or tried to sell him the property, Mrs. French believing in good faith that under such circumstances she would owe Love no commission. In the event Mrs. French should establish the allegations of her petition on cross-action, her measure of damages would be the value of the shades and draperies, etc., that she included in the sale by reason of Burke's representations, and not the amount of commission paid to Love under his agency contract, for that is the damages she suffered, if any, by reason of Burke's misrepresentations of the facts, if he did so misrepresent them.

We therefore affirm the trial court's judgment in so far as it relates to appellee Love's cause of action against appellant, Mrs. French; but reverse and remand the judgment of the trial court upon the cross-action asserted by Mrs. French against J. O. Burke.

Affirmed in part, and in part reversed and remanded.