### CAVE et al. v. BURKE. (No. 680.)

Court of Civil Appeals of Texas. Waco.
July 5, 1928.

Rehearing Denied Sept. 20, 1928.

Callicutt & Upchurch, of Corsicana, for appellants.

Gibson, Lovett & Lovett and Davis, Jester & Tarver, all of Corsicana, for appellee.

BARCUS, J. This suit was originally filed by W. F. Love against appellant Mrs. French to recover $800 commission claimed by him for having sold to J. O. Burke a certain piece of property belonging to her for $16,000. By cross-action appellant Mrs. French sued J. O. Burke, alleging that by reason of certain false statements made by him to her, she was induced to sell the property to him at said price, and without charge put in the curtains, draperies, and shades belonging to the house, valued at $800. She asked for judgment over against him for said amount. The first trial resulted in an instructed verdict for Love against Mrs. French, and against Mrs. French on her cross-action against Burke. On appeal the judgment, in so far as it affected Love, was affirmed, and as between Mrs. French and J. O. Burke same was reversed and remanded. French v. Love (Tex. Civ. App.) 281 S. W. 301. On the last trial, Mrs. Pearl French Cave alleged that she had paid the judgment of Love, and alleged that she had been induced to sell the house to J. O. Burke for $16,000, and include therein her draperies, curtains, rugs, and certain other articles, which were worth $800, on the representation, made by Burke to her, that he had not in any way discussed the purchase of the property with her real estate agent, Love. She alleged that, as she construed the contract which she had with the real estate agent, she would not be responsible to him for any commission if as a matter of fact she made a sale to a purchaser with whom he (Love) had not talked, and so informed Burke. She alleged specifically that she would not have made the sale, including said personal property, at said price, if she had known that appellee Burke had talked with

the real estate agent; that she included said personal property on the theory that she would not owe the commission if she made the sale to Burke, since he had not in any way communicated with the real estate agent. She alleged, further, that Burke told her that she would not be compelled to pay a commission to Love, if she sold the property direct to him (Burke). Appellee·Burke by answer denied specifically the allegations contained in appellant's pleadings.

The cause was tried to a jury and submitted on special issues. In response to the first issue the jury found that Burke, before he purchased the property, did represent to appellant Mrs. Cave, that the real estate agent, Love, had not had any negotiations with him with reference to the sale; and in answer to the second issue, found that said representations were false; and in answer to the third issue, found that appellant Mrs. Cave relied upon the representations made to her by Burke that Love had not conferred or talked with him with reference to the sale of the house. Special issue No. 4 was as follows:

"Did the defendant, J. O. Burke, by any representation lead the plaintiff to believe that, if she sold her property to him direct, she would not owe W. F. Love a commission on the sale?"

To which the jury answered "No." The court instructed the jury that, if they answered issue No. 4 "No," then they need not answer the remaining three issues, and the jury therefore did not answer the remaining special issues. Special issue No. 5, which was not answered, was:

"Did the representations made by J. O. Burke to the plaintiff, in case he made any representations to the plaintiff, induce the plaintiff to sell her property to J. O. Burke at a lower price than she would otherwise have sold same to him?"

Special issues Nos. 6 and 7 were with reference to the value of the shades, draperies, and other personal property which she put in on the deal. On the findings of the jury the trial court entered judgment refusing appellant any recovery.

Appellant objected to the court's instructing the jury, in the event they answered special issue No. 4 in the negative, not to answer special issues Nos, 5, 6, and 7, and assigns error to the action of the court in giving said instruction to the jury. We sustain this assignment. Under appellant's pleadings, she alleged two separate and distinct false representations as having been made by appellee, Burke, which she relied on, in order to induce her to put in without charge her household shades, draperies, and certain other personal property: First, that he had not at any time talked to or with Love, the real estate agent, with reference to purchasing the property, and in connection therewith she alleged that her construction of the contract she had with Love was that, if this was true, she would not owe him a commission, and that she so informed Burke; second, that Burke had told her that, if she sold the property direct to him, she would not owe Love any commission.

Under the first three issues submitted, the jury found, in effect, that Burke had falsely represented that he had not talked with Love, and further found that appellant relied thereon. By the fourth issue the jury found that Burke did not represent that, if he purchased the property direct, Love would not be entitled to his commission. The jury should have been permitted to answer the fifth issue, namely, whether any of the representations made by Burke to appellant Mrs. Cave had induced or caused her to sell her properties to Burke at a lower price than she would have otherwise sold same to him. Under appellant's pleadings and the issues as submitted by the trial court, the jury could have found, as it did, that appellee Burke made no representations to appellant that led her to believe she would not owe Love a commission.

On the other hand, the jury could have found, as it did, that appellee falsely represented to appellant that the real estate agent had never spoken to him about purchasing the property, and found that appellant relied on said fact, and could then have found that appellee's false representations that he had not talked to or with Love caused her to reduce the price at which she sold to him the house and personal property. If appellant was by false representations on the part of appellee induced to reduce the price at which she sold him the property, she would be, as correctly stated in the former opinion, entitled to recover the damages she suffered by reason of said misrepresentations of fact. French v. Love (Tex. Civ. App.) 281 S. W. 301.

The judgment of the trial court is reversed, and the cause remanded.