NANCE v. McDOUGALD.

4-8217                                    202 S. W. 2d 583

Opinion delivered June 2, 1947.

*John F. Park,* for appellant.

*Paul Johnson,* for appellee.

McHANEY, Justice. Appellants operate a brokerage agency in the City of Little Rock, and buy, sell and trade in real and personal property as agents and brokers for others. Appellee is a resident of Monticello, in Drew county, Arkansas, and owns and operates two moving picture theaters there, known as the "Drew" and "Amuse-U."

On July 1, 1946, appellee listed his two theaters with appellants for sale at a gross price of $85,000, and entered into a written agreement with them which gave them the exclusive agency to sell said theaters for 30 days for said sum, and appellants were to be paid a commission of 10% of said sum by appellee, or a commission of $8,500, if a sale thereof resulted in said 30 days. No real estate was involved.

Based on the allegation that, on July 17, 1946, appellants secured a purchaser for said theaters "who was, and is, ready, able and willing to purchase such properties, upon the terms and for the consideration set out in said agency contract," such purchaser being one John W. Lowery of Russellville, Arkansas, who had paid them $10,000 as a down payment on said purchase price and agreed to pay the balance of $75,000 in cash upon the completion of the sale, appellants brought this action to recover the commission of $8,500 which would have been due them had a sale been completed. It was also alleged that appellee, without reason therefor, notified them that his property was not for sale at any price and refused to consummate said sale. They prayed judgment for said sum.

The answer was a general denial and a plea that on July 2, 1946, by telephone communication with an agent of appellants, he rescinded the agreement of July 1, 1946, relied on by appellants.

Trial before the court sitting as a jury resulted in a judgment for appellee. This appeal followed in due course.

We think an extended recital of the evidence produced by the parties is unnecessary in view of the determination we make of the case. Appellee testified that on July 2, 1946, the next day after entering into the contract, he called Mr. Hampel, agent of appellants and who signed the contract for them, by telephone and canceled the agency agreement with them. He said: "I told him to disregard the listing, that I didn't care to sell out and for him not to bother to get a buyer, the sale wouldn't be completed" etc. Appellants' abstract. That appellee did call Hampel and have a conversation by 'phone with him July 2 was shown by the telephone company records and admitted by Hampel. The court found as a fact that appellee "effectively terminated the agency" on said date, and being supported by substantial, if not conclusive evidence, this finding is as binding here as the verdict of a jury. Appellee, therefore, repudiated the agency contract and breached it on July 2. Thereafter, on July 17, appellants say they procured a purchaser in one Lowery who went to Monticello, inspected the properties very briefly, had a conversation with appellee and was told by him that he would not sell and that he had already canceled the agency of appellants. He returned to Little Rock, reported to appellants that appellee would not sell, and yet he agreed with them to buy and put up with them his check for $10,000. This and other evidence led the court to make a finding that it was impossible to believe that Lowery actually intended to go through with the purchase. Whether this finding was justified we do not determine.

The fact is that whatever action appellants took looking to a sale after July 2 was unauthorized as their agency under said contract had been terminated by appellant on said date. The fact that the contract was in writing did not preclude appellee from verbally revoking appellants' authority to sell at any time, even though the contract provided that they should have the exclusive authority to sell for 30 days. *Gibson* v. *Greene,* 174 Ark. 1010, 298 S. W. 209, and *Novakovich* v. *Union Trust Co.,* 89 Ark. 412, 117 S. W. 246, cited and quoted

from in the Gibson case, *supra*. In this Gibson case, we said: ''The law does not compel one to continue an agency which he desires to terminate, but it does provide a remedy for the agent whose agency has been wrongfully terminated.''

Appellants did not sue for damages as for a breach of the contract. They neither alleged nor proved any damages which accrued to them between the date of the contract and the date of its revocation. They sued for a commission of 10% on a sale that was never consummated and which was made, if made at all, after the revocation of the contract. Let it be assumed that appellants found a person on July 17 who was ready, able and willing to buy, and who deposited $10,000 with them to apply on the purchase price named in the agency contract, still they had no authority to act for appellee at that time, same having been revoked and canceled 15 days prior thereto.

The judgment is correct and is, therefore, affirmed.

Justice McFADDIN concurs.