Kris MURADIAN d/b/a/ MURADIAN-FISER
REALTY *v.* Harold HALEY d/b/a THE RIB RACK BBQ

CA 83-348                                         671 S.W.2d 210

Court of Appeals of Arkansas
Division I
Opinion delivered July 5, 1984

*Richardson & Richardson, P. A.,* by: *F.E. Richardson,
Jr.,* for appellant.

*Martindale & Phillips,* by: *Everett O. Martindale,* for appellee.

James R. Cooper, Judge. The appellant real estate broker sued the appellee for his alleged wrongful revocation of an exclusive listing contract which covered the Rib Rack BBQ restaurant. The trial court found that the appellant was entitled to 50% of the liquidated damages specified in the contract. On appeal, the appellant argues that he is entitled to the total liquidated damages, and, on cross-appeal, the appellee argues that the appellant should only recover his actual damages. We agree with the appellee and therefore we affirm as to the direct appeal, and we reverse on the cross-appeal. The case is remanded to the trial court for a new trial on the issue of the appellant's actual damages.

On January 5, 1982, the parties entered into the exclusive listing contract, with the listing price set at $24,500.00. The commission was fixed at 10% of the selling price, or $3,500.00, whichever was greater. The contract provided that the commission was due if the listing contract was cancelled or the property withdrawn from the market during the listing period. On January 22, 1982, the appellee notified the appellant that he was withdrawing the property from the market. The appellant made demand for the $3,500.00 commission, the appellee refused to pay, and this suit resulted. The trial court, as noted above, awarded the appellant $1,750.00 plus interest.

For reversal, the appellant argues that the trial court erred in finding the stipulated sum was a penalty, since the contractual provision had resulted from a mutual agreement, damages were impossible to predict, and the sum agreed to was a reasonable estimate of just compensation for the appellant's damages.

In *Earls* v. *Long,* 224 Ark. 57, 271 S.W.2d 784 (1954), the Arkansas Supreme Court stated:

> The law is well settled that when a real estate broker has an exclusive listing for a definite time, then if the landowner wrongfully cancels the contract before

the time expiration, the broker may sue either (a) for the commission he would have earned if he found a purchaser ready, able and willing to buy according to the terms of the contract; or (b) for damages for wrongful revocation. *Nance v. McDougald,* 211 Ark. 800 202 S.W.2d 583; *Manzo v. Park,* 220 Ark. 216, 247 S.W.2d 12.

In *Manzo v. Park, supra,* the Court held that the commission can only become the broker's measure of damages when he can prove that he found a buyer ready, willing and able to purchase on the seller's terms. In the case at bar there was no proof, and the appellant admits, that he did not produce a ready, willing, and able buyer. Therefore, the only recoverable damages are those which proximately resulted from the seller's wrongful cancellation of the listing contract. *See,* 12 Am.Jur. 2d, *Brokers,* § 64.

Generally, the rule as to liquidated damages is that, where a contract is of such a nature that the damages resulting from a breach are uncertain and difficult to prove, the amount agreed upon by the parties is held to be liquidated damages. However, where the sum agreed upon bears no reasonable relationship to the damages which likely would result following a breach, the amount agreed upon will be held to be a penalty. *Quaile & Co. v. William Kelly Mining Company,* 184 Ark. 717, 43 S.W.2d 369 (1931). In the case at bar, the trial court found that the sum agreed upon by the parties, $3,500.00, was a penalty. We agree that the sum agreed upon bore no reasonable relationship to the actual damages likely in the event of a breach. However, we disagree with the trial court's decision to award one-half of that amount, since the sum of $1,750.00 does not bear any reasonable relationship to the damages likely to be incurred in the event of a breach, that was not the sum agreed upon by the parties, and there is no proof showing that sum to represent the broker's actual damages.

Where we find the trial court's findings of fact to be clearly erroneous or against the preponderance of the evidence, we must reverse. ARCP, Rule 52(a). We reverse and remand this case for a new trial on the issue of the actual

damages suffered by the appellant because of the breach of the listing contract by the appellee.

Affirmed in part, reversed in part, and remanded.

MAYFIELD, C.J., and CLONINGER, J., agree.